BROWN *v.* CHENEY, COMMR.

5-2117                                    334 S. W. 2d 666

Opinion delivered April 25, 1960.

*D. D. Panich,* for appellant.

*Ivie C. Spencer, Glenn F. Walther,* of Counsel, for appellee.

SAM ROBINSON, Associate Justice. This action was filed by appellants under the provisions of the Declaratory Judgment Act (Ark. Stats. § 34-2501, *et seq.*) against the Arkansas State Revenue Commissioner to determine the validity of Act 120 of 1959.

The complaint alleges that: Appellant Brown is the owner of Tia Wanna Club in Little Rock and owns in connection therewith one music vending machine, or "juke box", which is operated by a coin slot device; appellant Farr, a resident of Texarkana, Texas, does business as Central Music Company and owns and leases several music vending machines, all located in the State of Arkansas; both appellants have attempted to purchase privilege tax stamps for each machine as required by Ark. Stats. § 84-2604, but appellee has refused to sell them same because appellants have not complied with the provisions of Act 120 of 1959.

The Act in question declares the owning, operating or leasing of coin operated machines such as those owned

by appellants to be a privilege and requires, before the issuance of a license, that applicant must, among other things, pay an annual fee of $250, procure a surety bond of $3,000, be above 21 years of age, and be a resident of the State of Arkansas for at least one year prior to the date of application. At least one-half of any partnership or corporation applicant must be owned by an Arkansas resident who has been such for at least one year prior to the date of application.

There are a number of other provisions of the Act relating to requirements for issuance of a license and regulatory features thereafter, which need not be detailed here. Appellants' petition alleges that the provisions of the Act are "arbitrary, capricious and discriminatory and are confiscatory in their purpose" and violate the Arkansas Constitution, particularly §§ 2, 3, 18, 19 and 29 of Article 2, and are a denial of equality of privileges and authorize the creation of a monopoly and are a restraint of trade.

Appellee filed a demurrer to the petition on the ground it does not state facts sufficient to constitute a cause of action. The chancery court sustained the demurrer, and hence this appeal.

For reversal appellants make a number of arguments in addition to those alleged in their petition, but it is not necessary to set them out here. The petition alleges that Act 120 of 1959 is arbitrary, capricious, discriminatory and confiscatory, in violation of the Arkansas Constitution. Whether or not these allegations are true is a question of fact which if proved could render the statute unconstitutional. The provisions of the Declaratory Judgment Act set forth the manner by which determinations of issues of fact shall be made. Ark. Stat. § 34-2508. The decree must therefore be reversed with directions to overrule the demurrer and for further proceedings not inconsistent herewith.