Charles L. HOLLIS, W. L. WOODARD, O. B. EMBRY
*v.* PIGGOTT JUNIOR CHAMBER OF COMMERCE,
Inc.

5-5135                                                   453 S. W. 2d 410

Opinion delivered May 11, 1970

*E. L. Holloway* and *T. A. French,* for appellants.

*C. W. Knauts,* for appellee.

FRANK HOLT, Justice. This is another phase of lengthy litigation as a result of the leasing of county property. In September 1964 the appellee, Piggott Junior Chamber of Commerce, Inc., sought and was granted by the county a lease of certain lands "for educational

purposes" pursuant to Ark. Stat. Ann. § 17-313 (Repl. 1968). It was discovered later that the precedent for the order was never placed of record. The precedent was apparently lost or misplaced. When the Chamber sought to establish of record a reproduction of the signed order, the appellants intervened as taxpayers and resisted the petition for the order nunc pro tunc. The trial court agreed with the appellants' contention that the failure to enter the order voided the lease proceedings. On appeal we reversed and ordered that the Chamber's petition for an order nunc pro tunc be granted and the order leasing the county property to the Chamber be made of record in the county court. *Piggott Jr. C. of C. v. Hollis,* 242 Ark. 205, 412 S. W. 2d 595 (1967).

When the nunc pro tunc order was made of record in the county court approving the 1964 lease of the county property to the appellee, the appellants, as taxpayers, appealed this action to the circuit court. The trial court then found: "That the issues raised in this litigation are barred under the judicial doctrine of res judicata by virtue of order of the Circuit Court of the Eastern District of Clay County, Arkansas, in case No. 3312 wherein Elmer Vines was appellant, said order being dated March 15, 1968." The court denied appellants' motion to quash the county court's order approving the lease and dismissed their appeal. From that order comes this appeal.

For reversal the appellants make several contentions. However, we think the only issue presented on appeal is whether the Vines' litigation constituted res judicata and, therefore, barred the appellants' appeal from the nunc pro tunc order. We must agree with the appellants that the present litigation is not barred by res judicata.

When the then county judge rendered the order in 1964 giving the appellee a lease (for educational purposes) to county property, there was an appeal perfected to the circuit court by Elmer Vines, in a representative capacity, as a citizen and taxpayer of the

county. When the Vines case was set for trial in circuit court on March 15, 1965, Vines petitioned the circuit court to transfer his action to chancery court where there existed a similar proceeding in a class action by other citizens and taxpayers (the same as those in the present appeal) also attacking the validity of the county lease. The circuit court held that it had jurisdiction of the parties and subject matter and denied Vines' petition to transfer his case to chancery court, holding that the case should stand for trial. Thereupon, at Vines' request, the court dismissed his appeal.

The authority for Vines to maintain a class action, as a citizen and taxpayer, is provided in Ark. Stat. Ann. § 27-809 (Repl. 1962), which reads: "Where the question is one of a common or general interest of many persons, or where the parties are numerous, and it is impracticable to bring all before the court within a reasonable time, one or more may sue or defend for the benefit of all." Vines clearly had the right to institute and perfect his appeal to the circuit court as a representative of the public. This litigation ended there by a voluntary dismissal of his appeal. It should be noted that the same attorneys represented Vines as well as the taxpayers in the chancery and present litigation.

Thus, the question is presented whether the doctrine of res judicata is applicable to and bars the present litigation. This doctrine is based upon the principle that parties should not be permitted to twice litigate the same issue. No cases are called to our attention which hold that the mere dismissal of a cause of action, without bona fide litigation, operates as res judicata when the public interest is in issue.

It has been held that a mere voluntary dismissal by a plaintiff does not prevent the institution of a new action on the same subject matter by the same party against the same defendant. *Lindsay et al* v. *Allen et al,* 112 Tenn. 637, 82 S. W. 171 (1904). There it was urged that the complainants were bound by the fact that, in a former action, a citizen and taxpayer in a representa-

tive capacity had instituted a suit for the same purpose. The taxpayer, however, voluntarily dismissed it. There, in rejecting the plea of res judicata, the court said:

> "While it is proper and just that even the rights of the public of and concerning any special matter should be concluded by one fair litigation, in which the matters involved were faithfully presented and considered, it should be emphasized that the litigation must be bona fide, fair, and honest from the beginning to the end. Those who assume as citizens and taxpayers to stand forth as the champions of public rights and the conservators of the interests of all other citizens and taxpayers standing in the like case must discharge their voluntary trust with candor and with such reasonable skill as to enable the court to see that there has been no such gross negligence in the conduct of the cause as would be equivalent to a fraudulent surrender of the rights involved in the controversy, and no such blundering abandonment of acquired advantages as would justly sustain an imputation of fraudulent purpose or gross incompetency on the part of those in charge of the public's case. In short, before the rights of the public are concluded, there must be a reasonably fair presentation of the case to a court of competent jurisdiction, and a consideration and determination of the matter by the court."

Individuals who proclaim themselves public champions and who are entrusted with the responsibility to appear and represent the public in litigation that affects public interest have a right to weaken and abandon their asserted position. However, in doing so, it cannot be said they act for or bind the public's rights. This is obviously a wise and necessary rule to be followed when public rights are purportedly defended by an individual or individuals. The general rule appears to be that before a judgment in a suit first brought by citizens or taxpayers can be a bar to a similar suit by other citizens or taxpayers, the presentation of the first suit must have been bona fide, and free from fraud or

collusion. 52 Am. Jur. Taxpayer's Action § 39. We are cited by appellee to our own case, *Howard-Sevier Rd. Imp. Dist. 1 v. Hunt,* 166 Ark. 62, 265 S. W. 517 (1924). There the doctrine of res judicata was held applicable since the issue had previously been litigated on the merits in the state and federal courts. A nonsuit or voluntary dismissal of a taxpayer's action was not claimed as a basis for res judicata. In discussing the rationale of res judicata we quoted with approval: "* * * *After judgment on the merits,* a party cannot afterwards litigate the same question in another action, although some argument might have been urged on the first trial that would have led to a different result." [emphasis added] Then we said: "* * * The appellees are bound by the unreversed judgment of the trial court in that case, *determined on the merits,* that the assessment of benefits was valid." [emphasis added]

In *Pulaski County v. Hill,* 97 Ark. 450, 134 S. W. 973 (1911), we said: "The true test of whether or not a particular point, question or right has been concluded by a former suit and judgment is whether such point, question or right was distinctly put in issue, or should have been put in issue, and was *directly determined* by such former suit and judgment." [emphasis added]

In the case at bar we hold that the voluntary dismissal by Vines of his litigation, as a representative of the taxpayers, without a bona fide submission upon the merits is not res judicata and binding upon the present litigation.

Reversed.