AMERICAN TELEVISION COMPANY, Inc. d/b/a DONREY OUTDOOR ADVERTISING COMPANY and TRI-STATE REALTY COMPANY v. CITY of FAYETTEVILLE, Arkansas

5-6083                                                   489 S.W. 2d 754

Opinion delivered January 15, 1973
[Rehearing denied February 19, 1973.]

*Bethell, Calloway & Robertson,* for appellants.

*David R. Malone,* for appellee.

J. Fred Jones, Justice. This is an appeal by Tri-State Realty Company and American Television Company,

Inc. d/b/a Donrey Outdoor Advertising Company from a decree of the Washington County Chancery Court in which the chancellor sustained a demurrer filed by the City of Fayetteville to a petition for declaratory judgment filed by Tri-State and Donrey.

The facts appear as follows: Tri-State owns numerous small plots of land suitable for use in outdoor advertising in the Fayetteville and Washington County areas. Donrey owns and maintains numerous advertising billboards on plots of ground leased or rented from Tri-State. Donrey, in turn, rents and leases space on the billboards to the various individuals, firms and corporations having need for such outdoor billboard advertising. Donrey has a number of such outdoor advertising panels erected on plots of ground leased from Tri-State in the City of Fayetteville.

On June 29, 1970, the City of Fayetteville adopted Ordinance No. 1747 which is a comprehensive zoning ordinance containing 97 pages. The ordinance, among other things, forbids outdoor billboard advertising in certain zones and restricts the size and number of permitted panels in other zones. The ordinance establishes and changes setback requirements for outdoor advertising panels and all of the provisions of the ordinance are made effective, as to existing and future outdoor advertising, as of June 30, 1971. It appears that under prior permits granted by the city a number of the Donrey outdoor advertising panels are located in zones where they are now prohibited by the ordinance and under the terms of the ordinance must be removed. It further appears that a number of other panels are located within areas where they must be moved and rebuilt to conform to the setback provisions of the ordinance, and that in still other instances it will be necessary for Donrey to reduce the size of its advertising panels in order to comply with the provisions of the ordinance. A violation of the ordinance is made a misdemeanor under its terms, punishable by a fine of not less than $25 nor more than $1,000 with each day of violation constituting a separate offense.

On July 2, 1971, Tri-State and Donrey filed their petition in chancery court alleging that the ordinance is un-

constitutional in many specifically enumerated respects as it applies to them, and they prayed for a declaratory judgment to determine the constitutionality of the ordinance. On the same date a temporary injunction to restrain the enforcement of the provisions of the ordinance was granted by the chancellor upon petition of Tri-State and Donrey. On July 9, 1971, information was filed in the Fayetteville Municipal Court against Donrey charging it with the violation of the ordinance as to one of its outdoor advertising panels in Fayetteville.

The temporary injunction was dissolved on motion of the city after demurrers were sustained to the petition and its amendments. Finally Tri-State and Donrey refused to plead further and on December 14, 1971, the chancellor entered an order sustaining a demurrer to the second amendment to the petition for the reason that Tri-State and Donrey had an adequate remedy at law.

On appeal to this court Donrey and Tri-State rely on the following point for reversal:

"The plaintiffs have stated a case within the provisions of Ark. Stats. § 34-2501, et seq., properly invoking the jurisdiction of the chancery court, and the court erred in sustaining a demurrer and dismissing plaintiffs' petition."

The question before us on this appeal is whether the chancellor erred in sustaining the demurrer to the petition for the reason that Tri-State and Donrey had an adequate remedy at law. We are, therefore, primarily concerned with the question of whether Tri-State and Donrey did have an adequate remedy at law, and we conclude that they did-not.

The city cites several cases in support of its argument that relief in chancery is not demandable as a matter of strict right but is awarded by the chancellor in his discretion, and also for the proposition that equity will refuse relief in all cases where the remedy obtainable at common law is adequate. The city then cites cases holding in effect, that courts of equity will not interfere to prevent anticipated criminal or quasi-criminal prose-

cutions. The city then argues that the invalidity of an ordinance may be interposed as a complete defense to a prosecution based thereon, and contends that the case at bar is controlled by our decision in *S & S News Agency* v. *Freeze,* 247 Ark. 1078, 449 S.W. 2d 404. The appellants on the other hand rely heavily on our decision in *Brown* v. *Cheney,* 232 Ark. 119, 334 S.W. 2d 666, appeal dismissed 369 U.S. 796, 82 S. Ct. 1156, 8 L.Ed. 2d 285.

The *S & S News Agency* case is not in point with the case at bar. In that case the owner of a newsstand in Fort Smith filed a petition in chancery to enjoin the city from attempting to enforce a municipal ordinance against the sale of obscene literature in the form of *future issues* of specific magazines. The facts that distinguish that case from the one at bar are clearly set out in the last paragraph of the *News Agency* decision as follows:

"While appellant loudly proclaims that its constitutional rights have been violated, the real gravamen of its complaint seems to be that neither the City Administrator nor the City Attorney will say whether appellant will be allowed to sell subsequent issues of the magazines involved in *Gent* v. *Arkansas,* without being arrested under the obscenity law. We know of no law, and appellant has cited us none, which would permit a blanket injunction against a municipality with respect to all subsequent issues of the magazines involved irrespective of content or subject matter."

The relevant portions of the declaratory judgment chapter of the statutes, Ark. Stat. Ann. §§ 34-2501, et seq. (Repl. 1962), under which the petition was filed in the case at bar are as follows:

"34-2501 Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such decla-

rations shall have the force and effect of a final judgment or decree.

34-2502  Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instruments, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder.

34-2504  The enumeration of Sections 2, 3 [§§ 34-2502, 34-2503] and 4 does not limit or restrict the exercise of the general powers conferred in Section 1 [§ 34-2501], in any proceeding where declaratory relief is sought, in which a judgment or decree will terminate the controversy or remove an uncertainty.

34-2505  The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding.

34-2506  All orders, judgments and decrees under this Act [§§ 34-2501—34-2512, may be reviewed as other orders, judgments and decrees.

34-2508 When a proceeding under this Act [§§ 34-2501—34-2512] involves the determination of an issue of fact, such issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the proceeding is pending."

Appellants alleged in their petition that they own or lease numerous tracts of real estate which now are, and have been for several years, used for outdoor advertising upon billboards erected under city permits and in full compliance with laws and ordinances in effect at the time the property was acquired or the billboards erected; that some of these tracts are of unusual size and shape,

were acquired for the sole purpose of constructing billboards and have little, if any, other economic use; that the provisions of the amended ordinance requiring removal of nonconforming billboards within three years and other requirements applicable to existing billboards are vague, arbitrary and discriminatory, and have the practical effect of eliminating virtually all such structures. They alleged that the ordinance provisions now in issue are unconstitutional because they deprive appellants of their property without due process of law and without adequate compensation contrary to Art. 2, § 22, of the Arkansas Constitution, and certain provisions of the United States Constitution. Article 2, § 22 reads:

> "The right of property is before and higher than any constitutional sanction; and private property shall not be taken, appropriated or damaged for public use, without just compensation therefor."

We have long held that a court of equity has jurisdiction to enjoin the taking of property without provision for just compensation. *Martin, Ex Parte,* 13 Ark. 198, 58 Am. Dec. 321; *Organ* v. *Memphis & L.R.R. Co.,* 51 Ark. 235, 11 S.W. 96; *Ark. State Highway Comm'n* v. *Hammock,* 201 Ark. 927, 148 S.W. 2d 324; see also *Board of Directors St. Francis Levee Dist.* v. *Redditt,* 79 Ark. 154, 95 S.W. 482; *Independence County* v. *Lester,* 173 Ark. 796, 293 S.W. 743; *Ark. State Highway Comm'n* v. *Partain,* 192 Ark. 127, 90 S.W. 2d 968.

In *Brown* v. *Cheney, supra,* the constitutionality of a legislative act was attacked through a petition for declaratory judgment filed in chancery court. The chancellor sustained a demurrer to the petition and in reversing the decree of the chancellor, we held that a demurrer to the petition for declaratory judgment was improperly sustained where the petition alleged that the provisions of the act relating to privilege taxes and licensing of coin-operated music vending machines were arbitrary, capricious, discriminatory and confiscatory in violation of the provisions of the Arkansas Constitution. Since we found that the truth of these allegations was a question of fact, but, if proved, could render the act unconstitutional, we reversed the decree sustaining the demurrer and directed that further proceedings be had in the trial court.

We are of the opinion, and so hold, that the petition for declaratory judgment in the case at bar was not outside the jurisdiction of the chancery court and that the petitioners did not have an adequate remedy at law. The decree is reversed and the cause remanded to the chancery court of Washington County with directions to overrule the demurrer and proceed further consistent with this opinion.

Reversed and remanded.