Marianne RUSS *v.* LIFE INSURANCE
COMPANY OF GEORGIA

77-415                         574 S.W. 2d 253

Opinion delivered December 18, 1978
(In Banc)

*Reinberger, Eilbott & Smith,* by: *Alan R. Humphries,* for appellant.

*Henry W. Gregory, Jr.,* for appellee.

JAMES B. SHARP, Special Chief Justice. The Jefferson County Circuit Court granted summary judgment in favor of Life Insurance Company of Georgia, the appellee. The appellant, Marianne Russ, brings this appeal alleging that there was a material fact issue and, therefore, summary judgment should not have been granted. We agree.

Clyde Russ was the Assistant Fire Chief in Pine Bluff. On December 27, 1974, he was involved in fighting a fire in Pine Bluff; according to some evidence Russ was overcome by smoke and heat and was seen leaving the scene coughing and vomiting.

Russ periodically returned to work thereafter but he died eighteen days after the fire. The death certificate listed the immediate cause of death as cardiopulmonary arrest due to acute myocardial infarction. Also, the death certificate mentioned that he had coronary artery disease and suffered from chronic bronchitis.

Marianne Russ, Chief Russ' widow, filed suit against the appellee insurance company alleging that Chief Russ died from accidental causes which entitled her as beneficiary to the proceeds of a policy issued by the appellee on Chief Russ' life. The appellee filed a motion for summary judgment alleging there were no material facts in dispute and as a

matter of law the death was not accidental as defined by the policy.

Relevant portions of the policy in question read:

The company will pay an additional amount upon receipt at its home office of due proof, (1) that the death of the insured . . . resulted directly from bodily injuries caused solely by external, violent and accidental means and independently of all other causes and which injuries are evidenced by a visible contusion or wound on the exterior of the body except in the case of drowning or internal injuries revealed by an autopsy; (2) that the cause of such death was not one mentioned in the next paragraph; . . . .

Under this benefit provision, the company does not assume the risk of death caused or contributed to, directly or indirectly, by disease, by bodily or mental infirmity, . . . .

Several affidavits were filed in connection with the motion for summary judgment. One affiant stated that he observed Chief Russ at the scene of the fire, saw him leaving coughing, gagging and expressing that he had pain in the chest. Several affidavits indicated that prior to the fire Chief Russ was in good health. The physician who signed the death certificate filed an affidavit concluding:

. . . it is my opinion that the physical effort, and subsequent smoke, temperature exposure were sufficient to cause acute tracheo-bronchitis and comprise (compromise) cardiac functions sufficiently to predispose the patient to an acute myocardial infarction.

The trial court, finding no material fact issue, granted summary judgment for appellee citing the case of *Jackson* v. *Southland Life Ins. Co.,* 239 Ark. 576, 393 S.W. 2d 233 (1965), as authority for its decision.

We disagree with the decision of the trial court and find that there was a material fact issue as to whether Russ' death was accidental as defined by the policy. In other words, we

cannot say as a matter of law, on the record before us, what was the sole and direct cause of Russ' death. Since the appellant, by affidavits, has raised a material fact question which may have to be decided by a jury, or a judge sitting as a jury, summary judgment is precluded. *The Travelers Ins. Co. v. Johnston,* 204 Ark. 307, 162 S.W. 2d 480 (1942); *Life and Casualty Ins. Co. of Tennessee v. Jones,* 230 Ark. 979, 328 S.W. 2d 118 (1959); and, *Jackson v. Southland Life Ins. Co., supra.* The Arkansas statute on summary judgments is found in Ark. Stat. Ann. § 29-212 (Supp. 1977) and a part of subparagraph (c) is as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

In the case of *Russell v. City of Rogers,* 236 Ark. 713, (page 714), 368 S.W. 2d 89 (1963), we stated:

> It has been pointed out, under the Federal Rule, that the theory underlying a motion for summary judgment is the same as that underlying a motion for a directed verdict. . . . Hence any testimony that is submitted with the motion must be viewed in the light most favorable to the party resisting the motion, with all doubts and inferences being resolved against the moving party.

This view has been followed in Arkansas by a long line of cases which we have chosen here to follow.

We cannot say, as a matter of law, that the evidence presented requires us to hold that the insured's death was not covered by the policy.

Reversed and remanded.

FOGLEMAN, J., concurs.

BYRD, J., dissents.

HARRIS, C.J., not participating.

JOHN A. FOGLEMAN, Justice, concurring. I concede that the majority has, as it should, resolved all doubts and inferences against the moving party and has viewed the supporting documents, affidavits, etc. presented with the motion and the response, in concluding that appellee was not entitled to judgment as a matter of law on the record made. Ark. Stat. Ann. § 29-211 (Repl. 1962, Supp. 1977); *Russell* v. *City of Rogers,* 236 Ark. 713, 368 S.W. 2d 89; *Weathers* v. *City of Springdale,* 239 Ark. 535, 390 S.W. 2d 125; *Lee* v. *Westark Inv. Co.,* 253 Ark. 267, 485 S.W. 2d 712. While the summary judgment statute provides a salutary remedy, doubtful cases should be resolved against such a judgment.

In viewing the matter, however, it must be remembered that the company has paid the basic coverage under the policy and that this action is for the recovery of double indemnity only. Appellant had the burden of proving coverage. *Peoples Protective Life Ins. Co.* v. *Smith,* 257 Ark. 76, 514 S.W. 2d 400. We should make it clear that "coughing, gagging and throwing up" cannot constitute any indication of coverage under the policy. The plain language of the policy describing the risk assumed by the company for the premium paid to it eliminates any possibility of coverage. "Coughing, gagging and throwing up" are not, and never have been taken to be, "a contusion or wound on the exterior of the body." This record certainly does not show that an injury was revealed by an autopsy. We do not know what the autopsy showed, although the attending physician took it into account in determining the cause of death. The majority opinion fails to point out that the policy language requiring that fatal internal injuries must be revealed by an autopsy governs or that there can be no recovery of double indemnity if internal injuries were not revealed by autopsy.

We should recognize the clear language of the policy and not leave our holding subject to any inference that the factual question here is to be governed by the cases cited in the majority opinion. The clause in this policy is quite different from those considered in the cited cases and the factual situations are distinguishable. In *Travelers Ins. Co.* v. *Johnston,* 204 Ark. 307, 162 S.W. 2d 480, the insured was using crutches as a result of Paget's disease when he was injured by falling while leaving a taxicab. X-rays revealed that the

claimant suffered a fractured hip as a result of the fall. The surgeon who repaired the hip testified that it would not be anticipated that the claimant would fall in getting out of a cab merely because he had Paget's disease and that a fall such as he suffered might have broken his hip if he had not been "afflicted with Paget's disease." The question raised there was not even similar to the question here. The insurance was accident insurance, not life insurance. We held only that, in view of the testimony of the surgeon, the insurance company was not entitled to a directed verdict, saying that the instructions given declared the law as favorably to the insurance company as it had the right to ask. There was no requirement that the injury be evidenced by a visible contusion or wound on the exterior of the body or that there be internal injuries revealed by an autopsy.

We also held that the insurance company was not entitled to a directed verdict in *Life & Casualty Ins. Co. of Tennessee* v. *Jones,* 230 Ark. 979, 328 S.W. 2d 118, where there was medical testimony that an assault on the insured caused a myocardial infarction, from which he died. The policy clause was quite different from that involved here. There was no requirement that the covered injury be "evidenced by a visible contusion or wound on the exterior of the body except in the case of drowning or internal injuries revealed by an autopsy." In order for that case to control here, a period would have to be placed after the words "independently of all other causes" in the first paragraph of the policy copied in the majority opinion. The court did not consider the effect of the words which were included in the policy clause in this case, but not in the clause in the *Jones* case.

Strangely enough, in *Jackson* v. *Southland Life Ins. Co.,* 239 Ark. 576, 393 S.W. 2d 233, we affirmed a judgment based upon a jury verdict favorable to the insurance company. The suit was for double indemnity for death of the insured by drowning. *Jackson* also treats a policy clause that does not require that there be a contusion or wound on the exterior of the body or internal injuries revealed by an autopsy.

The words "and independently of all other causes and which injuries are evidenced by a visible contusion or wound on the *exterior* of the body, except in case of drowning or inter-

nal injuries *revealed by an autopsy*" [emphasis mine] are a restriction on coverage which was absent in the cases cited in the majority opinion, and they cannot be deleted or ignored in determining the extent of coverage here.

I concur in the holding that appellant did not make the showing necessary for a summary judgment. I point out that "coughing, gagging or throwing up" did not bring the insured within the coverage of the policy.