John F. WELLS et al *v.* Richard HEATH et al

79-148                                    602 S.W. 2d 665
Supreme Court of Arkansas
Opinion delivered July 7, 1980
Rehearing denied September 15, 1980

474

*Patten, Brown, Leslie & Davidson,* by: *Charles A. Brown,* and *Steve Clark,* Atty. Gen. by: *Jackson Jones,* Asst. Atty. Gen., for appellants.

Wright, Lindsey & Jennings, for appellees.

JOHN I. PURTLE, Justice. The chancellor granted a summary judgment in favor of the appellees in a taxpayers' suit filed by appellants alleging that a lease entered into by the state and Educational Programs and Equipment Corporation (EPEC) was void, illegal, and unconstitutional.

Appellants argue three points for reversal: (1) the court erred in granting a summary judgment; (2) the court erred in failing to permit the deposition of a witness; and, (3) the court erred in excluding an affidavit and the attachments thereto. We hold that the doctrine of res judicata applies on all issues except as to whether the appropriation is sufficiently specific as to the balance owed on the agreement.

In order to clarify the facts, we must mention two other suits. The first is now cited as *Equilease Corp.* v. *U.S.F. & G. Co., et al,* 262 Ark. 689, 565 S.W. 2d 125 (1978). This suit was based upon the same contract we have under consideration here. John F. Wells and the Independent Voters of Arkansasa, Incorporated, filed an amicus curiae brief in the case.

The second case that involved the same subject matter and parties was Pulaski County Chancery Court No. 76-4363, and the grounds for the suit were identical to those of the first suit. The issues were joined and a countersuit filed against Hornibrook by Equilease. By this time, Equilease had obtained the lease from EPEC. While the suit was pending, United States Fidelity and Guaranty Company (USF&G) had been made a party on their surety bond running in favor of the state in the amount of $50,000. On February 7, 1977, Case No. 76-4363 was dismissed with prejudice.

The present suit was filed on July 27, 1977, by John F. Wells and the Independent Voters of Arkansas, Incorporated, as taxpayers. The same defendants were named; however, additional parties were named as defendants and additional grounds were set forth as reasons for the recovery. The additional defendants were in privity with the original

defendants, and the additional grounds seeking relief had their genesis in the basic contract.

The basis of this suit and the two prior ones is a contract between the Arkansas Department of Correction and EPEC. As stated previously, Equilease has taken over the contract from EPEC because EPEC had in effort become insolvent. The original contract was in the amount of $528,000; but, at the time this third suit was filed, the balance on the contract was $148,276.

Among the allegations in the present suit were: (1) the payment was about to be made for nonperformance of an executory contract; (2) the payment would be fraudulently procured exaction and expenditure of tax funds; (3) the services and goods had not been furnished; (4) the payment would be in violation of Ark. Stat. Ann. § 13-338(f)(2); (5) the payment would violate § 12 of Act 473 of Acts of Arkansas (1967); (6) the contract was illegally let without bids or advertisements; (7) the contract was usurious; and, (8) other alleged discrepancies relating to the basic contract.

The pleadings were joined, and the state officials filed a cross-complaint against Equilease claiming the defense of usury as to the unpaid balance of the contract price. They sought to have the lease declared void ab initio nullifying future payments to Equilease. After all pleadings were filed, Equilease moved for a summary judgment and petitioned for a mandatory injunction requiring payment of certain sums alleged to be due then. This motion, as well as all others, was contested by various parties to the lawsuit.

Certain stipulations were entered into; but, because of our decision, it is not necessary to recite them. Also, we would mention that the court rejected the request of Wells to take the deposition of Lonnie Powers, Assistant Attorney General, who was about to leave the state. The court also required the balance of the payment claimed by Equilease be deposited in the constructive possession of the court.

The motion for summary judgment was presented on September 21, 1978. The court determined all parties were

present and the court had jurisdiction of the parties and the subject matter of the action. During the hearing, the court rejected the proffered affidavit of John F. Wells and the exhibits attached to his affidavit. During an earlier hearing on March 21, 1978, the court had stated that all parties would be given sufficient time to place the evidence they desired into the record. The cutoff date was finally agreed upon as either October 17 or 18, 1978. The affidavit of John F. Wells was offered prior to October 18, 1978.

Among the exhibits introduced into the record were the pleadings and records of Pulaski County Chancery Court Case Nos. 76-480 and 76-4363. The basic contract, subject of this dispute, was also included as an exhibit.

The court entered its decree on December 14, 1978, and the pertinent part of the decree states:

> . . . ; the claims and causes asserted by the plaintiffs are barred by res judicata by virtue of the order of dismissal with prejudice entered by this Court in another taxpayer's action in the Chancery Court of Pulaski County, Arkansas, identified as Case No. 76-4363; and Court specifically finds that the dismissal with prejudice of case No. 76-4363 was bona fide and free from fraud or collusion, and the plaintiffs taxpayers herein have failed to prove otherwise.

The question to be resolved is whether the court correctly determined that res judicata applies in the present case. Appellants correctly state that a motion for a summary judgment should not be granted if there is any disputed issues of fact to be decided by the court. Also, a correct test is whether reasonable men may differ as to the inferences to be drawn from undisputed proof. We also agree that a motion for summary judgment must be viewed in the light most favoarable to the party opposing it.

The motion for a summary judgment filed in this case included the claim that res judicata applied. We will proceed to examine the doctrine of res judicata.

When we decided the case of *Benedict* v. *Arbor Acres Farm*, 265 Ark. 574, 759 S.W. 2d 605 (1979), recently and discussed res judicata, we stated:

> The law of res judicata provides that a prior decree bars a subsequent suit when the subsequent case involves the same subject matters as that determined or which could have been determined in the former suit between the same parties; and the bar extends to those questions of law and fact which might well have been but were not presented.

The true reason for holding an issue to be res judicata is not necessarily the identity or privity of the parties but is designed to put an end to litigation by preventing a party who has had one fair trial on a matter from relitigating the matter a second time. One adverse judgment, free from fraud or collusion, prevents a second one involving the same issues, even though the parties may not have been named or may not have been in privity with the parties in the first suit. *Hastings* v. *Rose Courts*, 237 Ark. 426, 373 S.W. 2d 583 (1963).

In a class action suit, such as we have before us, the rights of the class cannot be foreclosed unless there is a trial which includes a reasonably fair presentation of the case before a court of competent jurisdiction. Such presentation must have been bona fide and free from fraud or collusion. *Hollis, et al* v. *Piggott Junior Chamber of Commerce*, 248 Ark. 725, 453 S.W. 2d 410 (1970).

Obviously, a taxpayer cannot file a suit on behalf of all other taxpayers and deliberately fail to put forth a good faith effort in support of his suit and thereby fraudulently prevent another taxpayer from filing a second suit. It is essential that there be a fair hearing before a court of competent jurisdiction and that there be no fraud or collusion involved in the matter. Any other rule would open the door to fraud and collusion and destroy much of the doctrine of res judicata. It is not necessary that the parties in all issues raised be exactly the same as those presented in the prior suit before the matter becomes res judicata.

In the case before us, there is no dispute that the basic cause of all three lawsuits was the contract entered into between the Arkansas Department of Correction and EPEC. All of the other issues emit from this basic requirement. In thoroughly examining the allegations presented by the plaintiffs in this case, we are unable to find any issue which did not have its genesis in the lease in question.

The matter of usury is argued by several of the parties to this action. The instrument which is claimed to be usurious is the same contract which gave birth to this whole series of litigation. Therefore, it was a matter which might well have been included in the Equilease suit.

The doctrine of res judicata is accepted as a rule of inflexible absolute law in practically every jurisdiction. If the judgment is entitled res judicata, it is conclusive as to the cause of action involved no matter how "unfair" or "patently erroneous" it may now seem to the court examining the judgment. 65 Harv. L.R. 818. There must be an end to litigation at some point; and, if there has been one fair trial on the merits of a case, that is all that is required.

As a general rule, Arkansas case law holds that a judgment rendered for or against a taxpayer is binding against all other taxpayers as if they personally had been involved in prosecuting the suit. *Gynard* v. *Garner*, 238 Ark. 415, 382 S.W. 2d 369 (1964); *McCarroll, Commissioner of Revenues* v. *Farrar*, 199 Ark. 320, 134 S.W. 2d 561 (1939). A dismissal with prejudice is ordinarily synonymous with adjudication on the merits, barring further litigation on the same cause of action. *Harris* v. *Moye's Estate*, 211 Ark. 765, 202 S.W. 2d 360 (1947). In *Harris* we held that the dismissal of appellant's action "with prejudice" was a complete adjudication of the controversy and, no appeal having been prosecuted, constituted a bar to a subsequent action by a party involving the same subject matter.

We do not feel that the Hornibrook case presented a complete adjuciation of the issues and is therefore not res judicata. However, *Equilease*, supra, is res judicata to all matters except the issue mentioned below.

We agree with the chancellor that all matters except the appropriation for the payment of the balance of the contract are res judicata. *Equilease,* supra, was tried on October 5, 1976; therefore, Act 713 of 1977 could not have been considered as it was not passed until March 24, 1977. Therefore, on remand the court will determine whether there was a sufficiently specific appropriation to allow payment of the balance of the contract. Affirmed on direct appeal except as to the matter of appropriation and affirmed on cross-appeal.

Affirmed in part and reversed in part on direct appeal; affirmed on cross-appeal.

Sparks, Special Judge, and Mays, J., dissent as to the application of the rule of res judicata in this case.

Hickman, J., not participating.