CUMMINGS, INC. *v.* Conrad BEARDSLEY
and Lillemore BEARDSLEY, d/b/a CHECK INN
and CHECK INN

80-132                                    609 S.W. 2d 66
Supreme Court of Arkansas
Opinion delivered December 22, 1980

*Barber, McCaskill, Amsler, Jones & Hale*, by: *Guy Amsler Jr.*, for appellant.

*Tompkins, McKenzie, McRae & Vasser*, for appellees.

JOHN F. STROUD, Justice. This is a suit filed in chancery court to foreclose the lien securing the balance of the purchase price and installation charge for two large illimunated motel and restaurant signs. Appellees filed a Motion for Summary Judgment which was granted by the trial court. We affirm the Chancellor as we agree that he properly granted the motion resulting in a dismissal of appellant's complaint.

In 1973, appellant contracted with Erect-O-Therm Structures, Inc., to fabricate and install two large signs on certain premises owned by Erect-O-Therm in Prescott, Arkansas. The signs were to advertise the location of the Stockholm Restaurant and Check Inn Motel. To secure the unpaid balance of the purchase price, Erect-O-Therm granted appellant a security interest in the signs by the execution of a security agreement describing them. A financing statement was filed with the Secretary of State of Arkansas in 1974. The Security Agreement between appellant and Erect-O-Therm also provided that the signs were not to be so affixed or related to realty as to become a part of the realty. The larger of the two signs was hung some 80 feet from the ground on steel poles anchored in a concrete foundation four feet deep by 16 feet wide by 20 feet long. The smaller sign is supported by steel poles which rise 12 feet from their concrete foundation.

Subsequently, Erect-O-Therm experienced financial difficulties and apparently lost the motel and restaurant property, including the two signs, to Union Planters Bank of Memphis by virtue of the bank's foreclosure of a mortgage on that realty. Appellees Conrad and Lillemore Beardsley then acquired the property from Union Planters. On January 31, 1979, appellant brought this foreclosure suit against appellees for the unpaid balance of the purchase price in the amount of $20,355.35, plus 10% of that amount as attorney's fees, possession of the signs and a deficiency judgment against appellees for any deficit remaining after the proceeds of a resale of the signs are applied to the indebtedness. Appellees denied the material allegations of appellant's com-

plaint by specifically alleging that they had not purchased the signs from appellant nor entered into any agreement with appellant, that they had no knowledge of any indebtedness for the signs nor had they assumed any such debt, and that the financing statement was filed in the wrong place. Appellees also filed a third party complaint against Union Planters, not involved in this appeal, where they allege that they should have judgment over against the bank for any damages they suffer in this suit inasmuch as the bank represented to them that the property was free of liens and encumbrances. Some nine months thereafter, appellees filed a motion for summary judgment which was submitted on the pleadings, deposition of an officer of the appellant company, deposition of appellee Conrad Beardsley, and briefs. From a granting of the motion appellants bring this appeal, urging that the court erred in granting the motion for summary judgment.

It is well-settled that summary judgment should be granted only when a review of the pleadings, depositions and other filings reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Arkansas Rules of Civil Procedure. In the present case, in its order of January 24, 1980, the trial court found as follows:

1. The Defendants, Conrad Beardsley and Lillemore Beardsley, did not purchase the signs and related property referred to in the complaint from the Plaintiff, and there is no genuine issue as to this fact.

2. The Defendants, Conrad Beardsley and Lillemore Beardsley, are not personally liable to the plaintiff under the security agreement referred to in the complaint since these Defendants were not a party thereto and have not assumed the indebtedness referred to in said security agreement, and there is no genuine issue as to this fact.

3. As between the Plaintiff and Erect-O-Therm Structures, Inc., those parties agreed that the signs in question were not, and would not become fixtures, and so as

between them and the signs are not fixtures, but as between the Plaintiff and Defendants, the signs, which include the supporting pipes, are fixtures. The Defendants were entitled to rely on the filings in the Nevada County Circuit Clerk's office at the time they purchased property on which the signs are located on September 28, 1976. Ark. Stat. Ann. § 85-9-401 (addendum 1961) is the applicable statutory section since the filings involved in this case were made prior to the effective date of the 1973 amendment to Article 9 of the Uniform Commercial Code, and thereunder the proper place to file a security instrument in order to perfect securing interest was in the office where a mortgage on the real estate concerned would be filed or recorded. The Plaintiff filed its financing statement with the Secretary of State and not in the office of the Circuit Clerk of Nevada County, Arkansas, being the County where the real estate is located, and thus did not properly perfect its security interest in the signs as between it and the Defendants.

4. There are no genuine issues as to any material fact as between the Plaintiff and the Defendants, Conrad Beardsley and Lillemore Beardsley, d/d/a Check Inn and Check Inn; consequently, these Defendants are entitled to a judgment as a matter of law.

As to the trial court's first and second rulings, we agree there clearly is no genuine issue as to those matters. The copy of the Security Agreement attached to appellant's complaint reflects that the signs were purchased by Erect-O-Therm, not appellees, and that appellees were not a party to the agreement. There is nothing in the record to indicate, not even as an allegation, that appellees knew of or assumed the indebtedness when they purchased the motel and restaurant. The third ruling of the trial court, pertaining to the characterization of the signs as fixtures, is the only holding which appellant disputes. The trial court ruled that as between appellant and Erect-O-Therm the signs were not fixtures because of the provision in the security agreement which stated the signs would not be considered part of the realty. However, the trial court further held that, inasmuch as it was undisputed that appellees were not parties to the

security agreement and were without knowledge of the aforementioned provision, the signs were fixtures as between appellant and appellees and there is no genuine issue as to that fact. These large signs anchored deep in concrete were so clearly fixtures, appellees had the right to rely on the records in the office of the Circuit Clerk of Nevada County, where filing covering fixtures are to be made, to determine if a lien was in existence at the time of their purchase. A good faith filing made in the wrong place (in this case the office of the Secretary of State) was not constructive notice to appellees as it is notice only to "any person who has knowledge of the contents of such financing statement." Ark. Stat. Ann. § 85-9-401 (2) (addendum 1961).

While is is true that upon motion for summary judgment the trial court should review the record in the light most favorable to the party resisting the motion and resolve any doubts or inferences against the movant, where the movant makes a *prima facie* showing of entitlement to summary judgment, the respondent must discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact. *Hughes Western World, Inc.* v. *Westmoor Mfg. Co.*, 269 Ark. 300, 601 S.W. 2d 826 (1980); *Coffelt* v. *Ark. Power & Light Co.*, 248 Ark. 313, 451 S.W. 2d 881 (1970). Here, appellant made the bare allegation that there was a genuine issue of fact as to whether the signs were fixtures but offered only the Security Agreement as proof of that contention. This did not meet appellant's burden of going forward with the proof. As noted previously, it was undisputed in the record that appellees were not in any way involved with the purchase of the signs from appellant; that they had not assumed the indebtedness referred to in the Security Agreement; that they had no knowledge of the agreement between appellant and Erect-O-Therm; and that appellant had not filed the financing statement in the Nevada County Circuit Clerk's office prior to appellees' purchase. As appellant failed to file the financing statement in Nevada County, as the Security Agreement was not determinative of the rights of obligations of appellees, and as the Security Agreement was the only proof offered by appellant to support his contention that summary judgment should not lie, we cannot say that there was a genuine issue as to any material

fact or that the trial court erred in granting appellees' Motion for Summary Judgment.

Affirmed.

PURTLE, J., not participating.

FOGLEMAN, C.J., dissents.

JOHN A. FOGLEMAN, Chief Justice, dissenting. I respectfully dissent. If this case had been submitted to the chancery court for a fact-finding decision on a record stipulating exactly what was disclosed in connection with the motion for summary judgment or on exactly the same evidence submitted at trial, I would be unable to say that the finding of the chancellor was clearly against the preponderance of the evidence. I strongly feel, however, that the court has declared that the signs in question were fixtures as a matter of law. The agreement of the purchaser that they were not to be considered as fixtures was, standing alone, enough to create an issue of fact. It is clear that the party who installed the signs had no intention that they become permanent accessions to the freehold. The appropriate test in this state was set out in *Choate* v. *Kimball*, 56 Ark. 55, 19 S.W. 108. We said:

> *** The rule for the determination of the question varies according to the relation of the parties between whom it arises, and it is less liberal in permitting a removal, as between mortgagor and mortgagee, than as between landlord and tenant. The term "fixtures" has reference to articles which in and of themselves, and irrespective of annexation to land, are of a chattel nature, but by reason of such annexation have become a part of the land. The point of difficulty arises in determining when there has been such annexation of chattels as to make them a part of the land or irremovable fixtures. It is said that the true criterion, established by the authorities, consists in a united application of several tests, as follows: "(1) Real or constructive annexation of the article in question to the realty. (2) Appropriation of adaptation to the use or purpose of that part of the realty with which it is connected. (3) The intention of the par-

ty making the annexation to make the article as permanent accession to the freehold; this intention being inferred from the nature of the article affixed, the relation and situation of the parties making the annexation, and the policy of the law in relation thereto, the structure and mode of the annexation, and the purpose and use for which the annexation has been made." Mr. Ewell says that, "of these three tests, the clear tendency of modern authority seems to be to give preeminence to the question of intention to make the articles a permanent accession to the freehold, and the others seem to derive their chief value as evidence of such intention."

A summary judgment is improper if any genuine fact issue exists. *Hughes Western World, Inc.* v. *Westmoor Manufacturing Co.*, 269 Ark. 300, 601 S.W. 2d 826; *Wells* v. *Heath*, 269 Ark. 473, 602 S.W. 2d 665; *MBPXL Corp.* v. *First National Bank,* 266 Ark. 195, 583 S.W. 2d 18; *BWH Inc.* v. *Metrpolitan National Bank*, 267 Ark. 182, 590 S.W. 2d 247. To make its determination the court must look at all the pleadings, depositions, answers to interrogatories, affidavits filed and admissions. *Purser* v. *Corpus Christi State National Bank*, 258 Ark. 54, 522 S.W. 2d 187. All doubts and inferences must be resolved against the moving party. *Russ* v. *Life Insurance Co.*, 264 Ark. 783, 574 S.W. 2d 253.

I submit that when the *Choate* test is properly applied and all doubts and inferences are tested against appellees, the parties moving for summary judgment, it cannot be said that there was no genuine issue of material fact. Granting and affirming this summary judgment is an abortive application of the summary judgment rules and a troublesome precedent.