**L.D. PARKS; R.D. Hay; Charles Stewart; McIlroy Bank and Trust Company; Coy Taylor d/b/a Coy's Place; and S & H, Inc., on behalf of themselves and all others similarly situated, Plaintiffs,**

v.

**DONREY, INC.; City of Fayetteville, Arkansas; and The Honorable Elizabeth Dole, Secretary, United States Department of Transportation, Defendants.**

No. 84–5098.

United States District Court, W.D. Arkansas, Fayetteville Division.

Oct. 24, 1984.

E.J. Ball, Ball, Mourton & Adams, Fayetteville, Ark., for plaintiffs.

James N. McCord, City Atty., Fayetteville, Ark., for City of Fayetteville.

Michael G. Thompson, Friday, Eldredge & Clark, Little Rock, Ark., for Donrey, Inc.

J. Michael Fitzhugh, Asst. U.S. Atty., W.D. Ark., Fort Smith, Ark., for Secty. of Transportation.

## MEMORANDUM OPINION

HENRY WOODS, District Judge.

Plaintiffs and defendant Donrey, Inc. (Donrey) seek to enjoin enforcement of ordinances of the City of Fayetteville (Fayetteville) which impose certain restrictions on the location and size of outdoor advertising signs within the municipal boundaries of Fayetteville. Alternatively, they seek damages from Fayetteville under 42 U.S.C. § 1983 and 15 U.S.C. § 1 or just compensation under 23 U.S.C. § 131(g). These ordinances have been the subject of protracted litigation since their enactment in the early 1970's. *American Television Co., Inc., d/b/a Donrey Outdoor Advertising Co., et al v. City of Fayetteville*, 253 Ark. 760, 489 S.W.2d 754 (1973); *Donrey Communications Company, Inc., et al v. City of Fayetteville, Ark.*, 280 Ark. 408, 660 S.W.2d 900 (1983), *cert. denied,* —— U.S. ——, 104

S.Ct. 2172, 80 L.Ed.2d 555 (1984). Fayetteville seeks entry of summary judgment asserting that *Donrey Communications Co., Inc., et al v. City of Fayetteville, supra,* is res judicata as to these proceedings and/or that there is no genuine issue of material fact as to plaintiffs and Donrey's claims and that they are entitled to entry of judgment as a matter of law.

In their brief in opposition to the motion for summary judgment, plaintiffs point out that they were not parties to the previously cited cases and assert that factual issues remain as to their claims that these ordinances violate their First Amendment rights, that their property is being taken without just compensation, that the ordinances constitute an unreasonable restriction on interstate commerce, that their due process and equal protection rights have been violated and that they are entitled to compensation under the Federal Highway Beautification Act, 23 U.S.C. § 131(g). Donrey argues that even though they were parties to the prior litigation, it would not be fair to preclude them from further litigating the enforceability of these ordinances since they raise additional constitutional claims not considered by the state courts. Additionally, Donrey argues that its Sherman Act claim is within the exclusive jurisdiction of the federal courts and could not have been raised in state court.

■ In determining whether or not the doctrine of res judicata precludes plaintiffs and Donrey from pursuing their claims against Fayetteville, this court must look to Arkansas law because "[t]he ... judicial proceedings of any court of any ... State ... shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State...." 28 U.S.C. § 1738. The parties do not disagree with the general statement of the doctrine of res judicata found in *Missouri Pac. R. Co. v. McGuire,* 205 Ark. 658, 169 S.W.2d 872, 874 (1943):

Briefly stated, the doctrine of res judicata is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions, and facts in issue, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction.

Donrey and plaintiffs argue that there are issues presented in the instant proceeding that were not decided in the prior state litigation. However, a further refinement of the res judicata doctrine holds that the bar to relitigation extends to questions of law and fact which could have been presented in the earlier proceeding. *Benedict v. Arbor Acres Farm,* 265 Ark. 574, 579 S.W.2d 605 (1979); *Wells v. Heath,* 269 Ark. 473, 602 S.W.2d 665 (1980). With the possible exception of the Sherman Act and Federal Highway Beautification Act claims, Donrey clearly could have raised all of the other constitutional claims in the state proceeding. Res judicata prevents it from litigating these various constitutional issues in this proceeding.

■ Plaintiffs assert that even if Donrey is prevented from litigating these constitutional issues, they are not similarly barred. They argue that they lack the degree of privity required before the Arkansas courts will apply res judicata to one not a party to the prior proceeding. A determination of privity vel non is one that requires an examination of the factual circumstances of each case as it arises. The factual circumstances which must be examined in determining the privity issue are not in dispute. Plaintiffs are composed of both landowners of property that are lessors of Donrey as well as advertisers who have contracted with Donrey to display their various messages. The rights and interests of these plaintiffs are sufficiently identical to those of Donrey to justify an application of res judicata to their claims. *See, e.g., Missouri Pac. R. Co. v. McGuire, supra; Rose v. Jacobs,* 231 Ark. 286, 329 S.W.2d 170 (1959); *Wells v. Heath, supra.* The rights of the plaintiffs and Donrey are so similar and their interests in the subject matter of this action are so interrelated that an application of res judicata to plaintiffs' claims will not deny them due process.

**350**

With regard to the claims being pursued under the Federal Highway Beautification Act, the Court finds that 23 U.S.C. § 131(g) does not provide for a private right of action for just compensation. The subdivision cited by plaintiffs and Donrey was included by Congress to encourage states to enact complimentary legislation and avoid the risk of loss of a portion of their federal highway funds. *National Advertising Co. v. City of Ashland, Or.,* 678 F.2d 106 (9th Cir.1982).

Turning to the Sherman Act claim, the Court must consider whether or not the City of Fayetteville may stand behind the shield of antitrust immunity enjoyed by the several states. *Parker v. Brown,* 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1943). While municipalities enjoy no automatic immunity from Sherman antitrust liability by virtue of their status as state subdivisions, *City of Lafayette v. Louisiana Power & Light Co.,* 435 U.S. 389, 98 S.Ct. 1123, 55 L.Ed.2d 364 (1978), a state "as sovereign might sanction anticompetitive municipal activities from antitrust liability." *Community Communication Co. v. Boulder,* 455 U.S. 40, 51, 102 S.Ct. 835, 840, 70 L.Ed.2d 810 (1982). In this case Arkansas has chosen in part to effect its policies with respect to the Arkansas Highway Beautification Act, Ark.Stat.Ann. §§ 76–2501, et seq. through its municipalities such as the City of Fayetteville. Therefore, the City of Fayetteville is immune from liability for anticompetitive effects, if any, arising from its challenged ordinances.

The City of Fayetteville's motion for summary judgment on the plaintiffs' complaint and Donrey's cross-claim is granted.