Cook *v.* American Cyanamid Co.

5-1134                                    297 S. W. 2d 933

Opinion delivered January 28, 1957.

*A. D. Chavis,* for appellant.

*Cockrill, Limerick & Laser,* for appellee.

Sam Robinson, Associate Justice.   From the Chancellor's order sustaining appellee American Cyanamid Company's plea of *res judicata* to a complaint filed by appellant, Hazel Cook, on January 30, 1956, comes this appeal.

The complaint in substance alleged that appellant is the owner in fee simple of certain described lands to which she deraigned title through her mother, Ida Erickson, to one T. E. Smith; that T. E. Smith acquired the lands from the Globe Bauxite Company under a deed executed and delivered in 1921, which was lost before it was placed of record; and that appellee claimed title to the bauxite deposits because of the fraud of Louis Lagger and wife in retaining title to the said deposits in the deed they made to T. E. Smith in 1925 as a substitute for the lost 1921 deed from the Globe Bauxite Company— (it appears that Louis Lagger held the lands as trustee for the Globe Bauxite Company).

Appellee has brought into the record the case of Ida Erickson v. Certain Lands and American Cyanamid Company, which was filed in the Saline Chancery Court on October 6, 1952, and which sets forth the same identical allegations involved in the suit at bar.   The record

in the Erickson case shows that after the filing of ten different pleadings and motions, a stipulation of facts, the taking of Ida Erickson's testimony, and an announcement by the parties that they rested, the Chancellor entered an order, on October 23, 1954, dismissing Ida Erickson's complaint for want of equity. On March 1, 1955, a motion to set aside the decree was denied; and that on January 9, 1956 appellant's motion to revive the same in her name was denied. No appeal has been taken from any of the proceedings in that case.

Appellant contends that neither the parties nor the issues in the two suits are identical. Her contention is that her mother, Ida Erickson, was asking for a decree of confirmation, which was denied, and that in the case at bar appellant is asking that a premature and fraudulent decree, referring to the decree in the Erickson case on October 23, 1954, be cancelled and set aside on the grounds of fraud.

The contention that the parties are not identical under the doctrine of *res judicata* is without merit. See *Collum* v. *Hervey,* 176 Ark. 714, 3 S. W. 2d 993, to the effect that a grantee, under the doctrine of *res judicata,* stands in the relation of privy to the grantor.

The contention that the decree of October 23, 1954 in the Erickson case was premature and fraudulent, in that it was made without notice to appellant, was the ground upon which appellant's mother relied in her motion and amended motion to set aside the said decree.

Therefore, since no appeal was taken from the court's order overruling the motion to set aside the decree in the Erickson case, that issue, too, is *res judicata. Knights of Honor of the World* v. *Epps,* 123 Ark. 371, 185 S. W. 470.

Affirmed.