Joseph Van Duyse, Jr. v. Guy E. Fleming

4650                                    432 S.W. 2d 10

Opinion delivered September 23, 1968
[Rehearing denied October 28, 1968.]

*Terral, Rawlings, Matthews & Purtle* for appellant.

*Patten & Brown* for appellee.

Conley Byrd, Justice.    Appellant Joseph Van Duyse, Jr., and Appellee Guy E. Fleming are adjoining landowners.    Fleming maintains an earthen dam on his property.    The water from the dam drains across appellant's property.    Van Duyse sought an injunction to abate the maintenance of the pond and for damages. Appellee asked for the enforcement of a prior decree between his predecessor in title and appellant.    Both parties have appealed.

The record shows that in 1958 Van Duyse filed an action, #110,320, against H. F. Hall, et ux, appellee's predecessor in title, involving the same subject matter. The trial court there found that the pond drained into

a natural drainageway that existed at a point 457 feet West of the East corner of the common boundary; that Van Duyse had erected a levee on his property which obstructed the drainageway; and directed the removal of Van Duyse's levee.

The water from appellee's dam drained in a southerly direction across appellee's property, to the common boundary and then southerly across appellant's property into Ink Bayou. This was the natural drainageway which the trial court found had been obstructed by the levee appellant had built hill to hill across his north boundary. At a subsequent hearing, it appears that appellant had filled in the low area (where the drainageway had been) and was using it for pasture. East of the original drainageway on appellant's land is a swale which runs south across Van Duyse's land into Ink Bayou. At the subsequent hearing, the trial court modified the order in #110,320, directing Van Duyse to excavate a ditch along his north boundary line from the point where his levee dammed the natural drainageway eastward to a point just north of the swale where appellant had installed drain tile. Appellant was also ordered to install larger drain tile through the levee, sufficient to carry the normal flow of water through the swale into Ink Bayou.

The testimony shows that Van Duyse did construct the larger drain through the levee, but did not excavate the ditch. After Fleming purchased the property from Hall, Van Duyse got Fleming to construct a ditch from the pond drain southeast to the point of the drain through Van Duyse's levee. Subsequently, because of complaints from Van Duyse, the parties by agreement closed the new ditch. Later Van Duyse went upon Fleming's property and opened the new ditch with notice to Fleming.

The Chancellor in the present litigation denied Van Duyse's request for an injunction; denied any damages because of silting; directed Van Duyse to comply with

the decree in #110,320 and to maintain the swale across his property in such manner as to remove the flow of water from Fleming's property; and ordered Fleming to maintain the new ditch dug by him.

Van Duyse here claims that he has a right to fend off surface water, that the decree in cause #110,320 is not conclusive of the issues, the trial court erred in ordering him to maintain the swale to Ink Bayou to remove the flow of water from Fleming's land, and in denying him damage caused by the silt.

We hold that all of the issues, except the claimed damages are concluded by the decree in cause #110,320. An existing final judgment or decree is conclusive of rights, questions and facts in issue as to the parties and their privies, *Baumgartner* v. *Rogers*, 233 Ark. 387, 345 S.W. 2d 476 (1961). As to the silt damages, we cannot say that Chancellor's denial thereof upon the ground that the damage was invited is contrary to the weight of the evidence.

The proof is that the new ditch constructed by Fleming will not be necessary when Van Duyse constructs the drainage ditch along his levee. Furthermore, Van Duyse complains of the silting from the ditch. Under the record we find that the Chancellor erred in requiring Fleming to maintain the new ditch.

Affirmed on appeal and reversed on cross-appeal.