NELL BENTRUP v. GLEN A. HOKE, ET AL

4720                                              433 S.W. 2d 139

Opinion Delivered November 4, 1968

*Herrod & Cole* for appellant.

*James R. Howard* for appellee.

LYLE BROWN, Justice.    Appellant Nell Bentrup, defendant below; was permanently enjoined from operating a beauty parlor in her home. The home is lo-

cated in North Little Rock and in a zoned area restricted to residences limited to one, single family residential use. The property is also covered by a bill of restrictive assurances. Appellees are neighboring property owners of Nell Bentrup.

Appellant's right to use a portion of the residence as a beauty parlor must fail because of the application of res judicata. In 1965, the same neighboring property owners who brought this suit against Mrs. Bentrup, brought suit against Mrs. Bentrup's predecessors in title, Edward Clowers and wife. In that case the sole issue was whether the Clowerses could legally operate a beauty parlor on the premises in question. Such activity was alleged to be in violation of the bill of assurance and also violative of the zoning ordinance restricting improvements to "residential use." Whether the operation of a beauty parlor on the premises was a permissive nonconforming use was also placed in issue. The neighboring property owners additionally alleged the existence of a nuisance because of traffic congestion. The Clowerses were permanently enjoined from operating, or permitting to be operated, a beauty parlor on the premises. That decree was dated May 28, 1965. Six months later the Clowerses deeded their lot to Mrs. Nell Bentrup.

The only difference we perceive, both in pleadings and issues, between the first suit and the present one, is that Mrs. Bentrup is presently the defendant, whereas the Clowerses were the principal defendants in the first case.

The latest case in point is *Van Duyse* v. *Fleming,* 245 Ark. 233, 432 S.W. 2d 10 (Sept. 23, 1968). Van Duyse sought an injunction to abate the obstruction of a natural drain by his neighbor on the north, Fleming. The prayer of Van Duyse was denied because the same question was litigated previously between Van Duyse and Fleming's predecessor in title. "An existing final

judgment or decree," we said, "is conclusive of rights, questions and facts in issue as to the parties and their privies. *Baumgartner* v. *Rogers,* 233 Ark. 387, 345 S.W. 2d 476 (1961)."

In *Langford* v. *Griffin,* 179 Ark. 574, 17 S.W. 2d 296 (1929), Langford's predecessor in title was enjoined from inclosing an alley adjacent to Griffin's lot. Langford was held to be bound by that judgment in a subsequent suit where the issue over the inclosure was raised. In *Cook* v. *American Cyanamid Co.,* 227 Ark. 268, 297 S.W. 2d 933 (1957), we held that under the doctrine of res judicata, the grantee stands in the relation of privy to the grantor.

Affirmed.