Gennive Clara FARRIS *v.* Everal FARRIS

85-121                                      700 S.W.2d 371

Supreme Court of Arkansas
Opinion delivered December 23, 1985

*Herby Branscum, Jr.*, for appellant.

*Highsmith, Gregg, Hart, Farris & Rutledge*, by: *Josephine L. Hart*, for appellee.

ROBERT H. DUDLEY, Justice. The two points of appeal in this case involve the division of property in a divorce.

The first point involves the division of 101.75 acres of land. The chancellor awarded an undivided quarter interest to the wife, appellant, and an undivided three quarters to the husband, appellee. We affirm the decision.

The husband's mother and father originally owned the acreage. The father died in 1974 and the mother died in 1979. Neither estate was probated.

■■ At the time of the mother's death, the husband and his sister each became the owner of a one-half undivided interest as a tenant in common because, when the owner of real estate dies intestate, the title to that real estate vests immediately in the heirs, subject to the appropriate provisions for administration. *Farmers Coop. Ass'n, Inc.* v. *Webb*, 249 Ark. 277, 459 S.W.2d 815 (1970); Ark. Stat. Ann. § 61-131 (Supp. 1985). This half interest, acquired by descent, was not subject to division in the divorce action. Ark. Stat. Ann. § 34-1214(B) (Supp. 1985).

Later, in 1980, the husband and his sister entered into a family settlement agreement by which all of the parents' property

was divided, including the 101.75 acres. In the division, the sister conveyed her half of the land to the husband and his wife. The deed to that half, in the pertinent part, provides:

> . . . do hereby grant, bargain sell and convey unto the said Everal Farris and Gennive Farris, husband and wife, and unto their heirs and assigns forever, the following lands lying in the County of Stone and State of Arkansas, to-wit: All of my right, title and interest as an heir at law of the estate of my father, Vernon I. Farris, deceased, who died on or about July, 1974, and of the estate of my mother, Ida M. Farris, deceased, who died on or about July, 1979. The only other surviving heir at law of my deceased parents is my brother, Everal Farris, the Grantee herein.
>
> . . .

By this deed the husband and wife took the other one-half interest in the real estate as tenants by the entirety.

In summation, the husband first acquired by descent a one-half interest in the 101.75 acres. That half interest was not subject to division in the divorce action. Later, the husband and wife acquired the other half by deed as tenants by the entirety. There was no allegation of fraud or mistake in the preparation of the deed. The trial court, pursuant to Ark. Stat. Ann. § 34-1215 (Supp. 1985), properly converted this one-half interest held as tenants by the entirety to two quarter interests held as tenants in common. As a result, the husband, appellee, owned an undivided three-quarters of the 101.75 acres, and the wife, appellant, owned one-quarter.

The appellant's second point of appeal is that the trial court erred in dividing the parties' money. We find no merit in the argument.

The appellant questions various findings of fact by the trial judge concerning the amount of property that appellee had both at and before the date of separation. We need not discuss most of those findings in detail because, after reviewing them, we cannot say that they are clearly erroneous. We do not set aside findings of fact by a chancellor unless they are clearly erroneous. ARCP Rule 52; *Rose* v. *Dunn*, 284 Ark. 42, 679 S.W.2d 180 (1984). However we are unable to determine whether one finding

is erroneous.

The chancellor found that appellant had retained $4,074.00 between the date of separation and the date of divorce, and awarded one-half of that amount to appellee as marital property. The appellant does not take issue with the date, or amount, of earnings, but argues that there was "no proof whatsoever in the record that appellant had *retained* $4,074.00 of her earnings since the separation." The appellant is correct in his argument. The transcript of testimony on the issue is as follows:

### EXAMINATION BY THE COURT

Q  How much do you get paid from NADC?

A  I get paid twice a month.

Q  How much do you get every two weeks?

A  Could I get my check stub? I'll have to show you.

Q  Alright.

A  It's 291 every two weeks. (Witness hands check stub to Court.)

Q  You get $291.10 every two weeks?

A  Yes, twice a month on the 15th and the 1st.

### EXAMINATION BY THE APPELLANT'S COUNSEL

Q  How much money did you have in your own account when you separated?

A  Probably $400.00, between four and five hundred dollars.

Q  Did Mr. Farris ever use that account?

A  No, he didn't.

Q  For depositing or withdrawing money?

A  In my personal account?

Q  Yes.

A  No.

Q   What money did you put in that account?

A   It was my check that went into it, my check from where I worked.

The earnings from the date of separation to the date of divorce amounted to $4,074.00, but we are unable to determine whether any of those earnings were retained. Therefore, we remand for a determination of whether the earnings were retained, and for a ruling in accordance with that finding.

Affirmed in part and remanded in part.

PURTLE, J., not participating.