NEWTON COUNTY, ARKANSAS & Donald J.
ADAMS, Special Adm'r of the Estate of Sue S. MORAK,
Deceased *v.* Dwight DAVISON & Kathleen DAVISON

85-284                                          709 S.W.2d 810

Supreme Court of Arkansas
Opinion delivered May 27, 1986
[Rehearing denied June 30, 1986.]

*Karen B. Walker*, for appellant Newton County.

*Donald J. Adams*, for appellant Estate of Sue S. Morak.

*Bill F. Doshier* and *Dan R. Bowers*, for appellees.

JACK HOLT, JR., Chief Justice. This is the second appeal concerning the estate of Sue S. Morak, deceased. In the first, we were asked by Newton County to decide whether the probate court erred by failing to remove the administrator of Mrs. Morak's estate because of a conflict of interest and misadministration. *Newton County v. West*, 288 Ark. 432, 705 S.W.2d 887 (1986). This court found that, based on the incomplete record before us, we could not say that the probate court erred as a matter of law. Although it was argued at the probate court hearing in that case that Newton County was an interested party because of the possibility that the estate would escheat to the county, no such argument was made in the appeal. In the appeal before us now, Newton County is arguing that the chancery court erred in finding that it was not a necessary party and that it had no standing to participate in the proceedings. The special administrator of the estate, Don Adams, has also appealed, arguing that the findings of the chancery court were contrary to the law and evidence. Our jurisdiction is pursuant to Sup. Ct. R. 29(1)(c) and (j).

Because this case presents two different appeals, they will be discussed separately. The appeal brought by Newton County solely concerns the question of the standing of the county to participate in the proceedings. A hearing was held on May 2, 1985, in Newton Chancery Court to determine the ownership of the contents of a lock box in which the decedent had placed U.S. Savings bonds. At the hearing, the attorney for Newton County appeared and asked the court to find it was entitled to notice of the proceedings and also entitled to be a party to this action, based on the possibility that the estate would escheat to the county pursuant to Ark. Stat. Ann. § 61-150 (Supp. 1985). The court ruled orally that the county was not an interested party. That finding, however, was not made a part of the judgment entered May 10, 1985. In addition, the county never filed a written

petition to intervene. On May 22, 1985, Newton County filed a motion to vacate the May 10 judgment which was denied by the trial court for lack of standing on July 16, 1985. That order was not appealed. Instead, Newton County's notice of appeal to this court states that the county is appealing the judgment entered May 10.

Newton County's appeal is not properly before this court. The county cannot object to the failure of the trial court to allow it to intervene in the matter because no motion to intervene was ever filed as required by Ark. R. Civ. P. 24(c). Similarly, the county cannot object to the denial of its motion to vacate the judgment because an appeal was not taken from that judgment. Rules of App. P. 3(e). *Mears, Judge* v. *Little Rock School Dist.*, 268 Ark. 30, 593 S.W.2d 42 (1980). Finally, Newton County had no standing to appeal the May 10 order specified in its notice of appeal. It was not a party to that action and no ruling was made in that order touching its status as a party. *See Frazier* v. *McHaney, Receiver*, 117 Ark. 394, 178 S.W. 419 (1915).

The second appeal concerns the trial court's award of the contents of the safe deposit box to the appellees. The decedent, Mrs. Morak, died on July 8, 1984, intestate and with no known heirs. On January 4, 1985, Dwight and Kathleen Davison, appellees, filed a petition alleging they were joint tenants with a right of survivorship in the contents of a safe deposit box which Mrs. Morak had rented on June 11, 1981. The lock box contained U.S. savings bonds worth $324,987.35 and $4,020 in currency. The bonds show Mrs. Morak and various members of her family, all of whom are apparently deceased, as the owners. The administrator of the estate filed an answer alleging that the agreement of joint tenancy with right of survivorship between the appellees and the decedent was merely for the use of the box and not for the disposition of the contents.

The chancellor found that the appellees and Mrs. Morak were good friends and neighbors and that the Davisons took care of Mrs. Morak and her family for several years prior to her death. The court further found that about three years prior to Mrs. Morak's death, she and the Davisons agreed to lease a safe deposit box as joint tenants with right of survivorship so that each would be a joint owner of all of the contents of the box and the survivors

would be the complete owners of those contents.

Although we do not set aside such findings of fact by a chancellor unless they are clearly erroneous, *Farris* v. *Farris*, 287 Ark. 479, 700 S.W.2d 371 (1985); Ark. R. Civ. P. 52, we find that the agreement between the parties was only for the rental of the safe deposit box and not for the disposition of its contents.

The only evidence offered indicating that the Davisons had a right to the contents of the lock box was provided by the Davisons. Mr. Davison testified that Mrs. Morak told him he and his wife were to become joint owners of what was in the box. He also stated, however, that he did not know what the box contained, that he never entered the box during Mrs. Morak's lifetime, he and his wife were not to receive any benefits from the contents of the box until after Mrs. Morak's death, and Mrs. Morak was to receive all benefits from the bonds during her life. Mr. Davison admitted there was no agreement as to the use of the bonds themselves. There was further evidence that Mrs. Morak stated her intention to make a will but she died before she was able to do so.

Based on the foregoing evidence we are unable to say that Mrs. Morak clearly intended to make a gift to the Davisons of the contents of the safe deposit box. In *Black* v. *Black*, 199 Ark. 609, 135 S.W.2d 837 (1940), we noted that there is a presumption of ownership in favor of the surviving lessee of a safe deposit box which can be rebutted by testimony to the contrary. In that case, however, the lease agreement signed by the parties renting the box specifically stated that the property placed in the box is joint property and upon the death of either joint tenant the property passes to the survivor. Such an agreement as to the contents is missing here.

Again in *Miller* v. *Riegler*, 243 Ark. 251, 419 S.W.2d 599 (1967) this court considered the contents of a joint safe deposit box. In *Miller* the box contained several hundred shares of stocks which had been transferred before the testator's death to the joint names of the testator and the beneficiary with a right of survivorship. Accordingly, we upheld the transfer of the stock. Here, the savings bonds were not transferred to the joint names of Mrs. Morak and the Davisons. Rather, they still reflect Mrs. Morak and several of her deceased relatives as owners.

■ Other courts have held that the deposit of articles in a jointly leased safe deposit box of itself works no change in title, absent an express agreement that the contents of the box shall be joint property. Annotation, 14 A.L.R.2d 948, 954 § 2 (1950). This is so even if the language in the lease describes a joint tenancy with the right of survivorship, unless it specifically refers to the contents. *Id.* Similarly, it is generally held that a joint lease of a safe deposit box in and of itself is insufficient to support the contention that a gift has been made of the contents. Annotation, 40 A.L.R.3d 462, 465 § 2 (1971).

■ In finding the language of the lease and Mr. Davison's testimony insufficient to establish ownership of the contents of the lock box, we announce our intention to require an affirmative showing that the owner of a lock box intended to give the contents of the lockbox to another. Such an intention cannot be demonstrated without a specific written reference to the disposition of the contents of a lock box and is not indicated by an agreement only to rent the box in two or more names with a right of survivorship.

Accordingly the judgment awarding the contents of the lock box to the Davisons is reversed.

PURTLE, J., not participating.