Fred KULBETH, Special Administrator of the Estate of Ivan C. Wright *v.* Pearl PURDOM and Bank of Rector, Rector, Arkansas

91-29                                            805 S.W.2d 622

Supreme Court of Arkansas
Opinion delivered March 18, 1991

*Shaver, Shaver & Smith*, by: *Tom B. Smith*, for appellant.

*Snellgrove, Laser, Langley & Lovett*, by: *Stanley R. Langley,* for appellee.

JACK HOLT, JR., Chief Justice. This case involves an appeal from a chancery court finding as to the title to property held pursuant to a joint tenancy with right of survivorship clause to a safe deposit box lease.

Ivan C. Wright died on April 28, 1988, and his estate was admitted to probate on May 5, 1988. An inventory of the safe deposit box that he leased with the appellee, Pearl Purdom, showed it to contain $266,150.00 in cash. Ms. Purdom asserted her right to the money through the joint tenancy agreement, and the estate of Ivan C. Wright claimed the money as an asset of the estate.

Mr. Wright's heirs petitioned the Probate Court of Clay County to determine the ownership of the money. The probate

judge opined that the contents of the safe deposit box were an asset of the estate and did not pass to Ms. Purdom as the surviving joint tenant. However, he charged the executor of the estate to "take action in the Chancery Court against Pearl Purdom to determine that the asset . . . is an asset of the estate, and does not pass to Pearl Purdom as a joint tenant with right of survivorship in the contents of the safety deposit box. . . ."

Suit was subsequently filed against Ms. Purdom in both probate and chancery courts, which suits were later consolidated in the chancery court proceeding. The chancellor determined that the money was not an asset of the estate and dismissed the suit.

The appellant, Fred Kulbeth, special administrator of the estate of Ivan C. Wright, appeals and alleges five points of error. None of Mr. Kulbeth's claims have merit, and we affirm.

## SUMMARY JUDGMENT

Mr. Kulbeth initially asserts that the trial court erred in its denial of his motion for summary judgment. However, the trial court reserved decision on the motion and did not render a ruling on the motion.

We have held that the burden of obtaining a ruling on a motion is upon the movant, and the failure to secure a ruling constitutes a waiver, precluding its consideration on appeal. *Porter* v. *Lincoln*, 282 Ark. 258, 668 S.W.2d 11 (1984). Accordingly, Mr. Kulbeth is precluded from raising this issue on appeal.

## COLLATERAL ESTOPPEL AND RES JUDICATA

Next, Mr. Kulbeth contends that the doctrines of collateral estoppel and res judicata bar Ms. Purdom from recovery. Mr. Kulbeth is referring to the probate judge's opinion that the contents of the safe deposit box were an asset of the estate.

Mr. Kulbeth asserted res judicata as a basis for his motion for summary judgment; he did not assert the doctrine of collateral estoppel. We have repeatedly stated that we will not consider arguments for the first time on appeal, *Shamlin* v. *Shuffield*, 302 Ark. 164, 787 S.W.2d 687 (1990), and, as a result, will not discuss the collateral estoppel argument.

Res judicata is an affirmative defense and provides that

a prior decree bars a subsequent suit when the subsequent case involves the same subject matter as that determined or which could have been determined in the former suit between the same parties; the bar extends to those questions of law and fact that might well have been, but were not, presented. The purpose of res judicata is to put an end to litigation by preventing a party who had one fair trial on a matter from relitigating the matter a second time. *Wells v. Heath*, 269 Ark. 473, 602 S.W.2d 665 (1980).

Arkansas R. Civ. P. 8(c) addresses affirmative defenses and provides in pertinent part as follows:

> (c) *Affirmative Defenses.* In responding to a complaint, counter-claim, cross-claim or third party claim, a party shall set forth affirmatively . . . res judicata . . . and any other matter constituting an avoidance or affirmative defense. . . .

In this case, Mr. Kulbeth asserted res judicata in his motion for summary judgment; however, it was he who had filed the initial complaint, and he could not assert res judicata as an affirmative defense because he was not responding to a complaint, counter-claim, cross-claim, or a third party claim.

### APPELLATE JURISDICTION

Mr. Kulbeth also argues that the chancery court does not have appellate jurisdiction over the probate court. It is certainly true that probate courts are superior courts within the limits of their jurisdiction and, where a probate court has jurisdiction of the subject matter, its judgment, although erroneous, is conclusive so long as it is not reversed; the judgment cannot be collaterally attacked. *Brown v. Kennedy Well Works, Inc.*, 302 Ark. 213, 788 S.W.2d 948 (1990).

Here, however, the probate court expressly reserved the question of the ownership of the money as one to be decided by the chancery court. We have held that questions expressly reserved by a decree are not concluded thereby. *Sulcer v. Northwestern Nat'l Ins. Co.*, 263 Ark. 583, 566 S.W.2d 397 (1978) (citing *Randolph v. Nichol*, 74 Ark. 93, 84 S.W. 1037 (1905)). The chancery court did not exercise appellate jurisdiction in deciding the case before it because the question had not been resolved.

### SAFE DEPOSIT BOX

Mr. Kulbeth claims in his fourth point of error that the contents of the safe deposit box belong to the estate of Ivan C. Wright.

Mr. Wright bequeathed Ms. Purdom $100,000.00 in his will. Mr. Kulbeth now asserts that Mr. Wright's will provision controverts the joint tenancy with right of survivorship clause that he executed with Ms. Purdom relating to the contents of the safe deposit box.

■ In *Newton County v. Davison*, 289 Ark. 109, 709 S.W.2d 810 (1986), we announced that it was our intention to:

> . . . require an affirmative showing that the owner of a lock box intended to give the contents of the lock box to another. Such an intention cannot be demonstrated without a specific written reference to the disposition of the contents of a lock box and is not indicated by an agreement only to rent the box in two or more names with a right of survivorship.

We held in *Newton* that the agreement between the parties as to their lease of a safe deposit box as joint tenants with right of survivorship was only for the rental of the safe deposit box and not for the disposition of its contents. In that case, the only reference to the joint tenancy agreement was the typewritten words "joint tenancy with right of survivorship" after the names of the lessees of the safe deposit box.

To the contrary, the joint tenancy provision in this case states as follows:

---

### JOINT TENANCY

> In addition to agreeing to the foregoing provisions of safe deposit box lease which are hereby made a part of this paragraph, the undersigned agree that each, or either of them is joint owner of the present and future contents of said box and said Bank is hereby authorized to permit access to said box by either of the undersigned and that in the event of the death of either of the undersigned the survivor shall have the right to withdraw said contents and

upon said withdrawal said Bank shall be automatically relieved of any further obligation or responsibility to the heirs, legatees, devisees or legal representatives of the deceased. Receipt is hereby acknowledged of 2 keys to said box.

Accepted: THE BANK OF RECTOR, RECTOR, ARK.

By s/Sherry Dills 4/1/87

s/Ivan C. Wright
s/Pearl Purdom

---

The joint tenancy provision is separated from the body of the safe deposit box lease by demarcation lines and highlighted in bold, capitalized print. The clause clearly and unequivocally denotes a joint tenancy agreement with right of survivorship between the lessees as it contains specific references to the joint ownership of the contents of the box and the right of withdrawal of the contents after the death of either party.

Accordingly, Mr. Wright's written intent to give the contents of the safe deposit box to Ms. Purdom complies with the standard required in *Newton County* v. *Davison, supra,* of an affirmative showing as to the disposition of the contents of the safe deposit box, and the inventoried money from Mr. Wright's and Ms. Purdom's safe deposit box is, therefore, not an asset of Mr. Wright's estate.

Consequently, we need not discuss Mr. Kulbeth's remaining point of error that the trial court erred in allowing oral testimony to interpret Mr. Wright's intent on the basis that it was inadmissible hearsay, or Ms. Purdom's conditional cross-appeal against the appellee, Bank of Rector.

Affirmed.