Emma Jean NORMAN *v.* Raymond GREEN, Individually, and Mary Green, His Wife, and Raymond Green, Executor of the Will of Mary Etta Green, Deceased

CA 90-329                                    807 S.W.2d 937

Court of Appeals of Arkansas
Division I
Opinion delivered April 24, 1991

*Landers and Shepherd*, by: *Bobby E. Shepherd*, for appellant.

*Arnold and Thomas*, by: *W.H. "Dub" Arnold*, for appellee.

JOHN E. JENNINGS, Judge. This is an appeal from an order of the circuit court of Union County dismissing the complaint of the appellant, Emma Jean Norman, which sought judgment for $23,000.00 plus interest. The relevant facts were briefly and fairly summarized by the trial court in its letter opinion:

> Mary Etta Green died on March 31, 1987, at the age of 86 after a long illness. She was survived by her stepson, Raymond Green, who along with his wife are defendants. The plaintiff, Emma Jean Norman, is a nurse's assistant who works in the South Arkansas Medical System caring primarily for the elderly. She met Mary Etta Green possibly in the 70's, however, when Ms. Green became ill in the summer of 1986, was asked by Ms. Green to move in with her. Emma Jean Norman is married and she and her husband maintain a separate residence in Crossett.

> On December 17, 1986, Ms. Green asked Ms. Norman to go to the bank and bring her a green bag. Ms. Norman was given a letter authorizing her to enter Ms. Green's safety deposit box. It was at this point that Ms. Norman discovered that Ms. Green had $23,000.00 in the green bag. Ms. Norman removed $520.00 from the bag and took it to Ms. Green. Thereafter a lease agreement was entered into by Ms. Green and Ms. Norman in effect stating that upon the death of either the property in the box should pass to the survivor. Ms. Norman entered the safety deposit box again on 16 March, 1987, testifying that Ms. Green wanted her to check its contents in that she was concerned with Raymond Green getting into the box. Fourteen days later Ms. Green died. On 22 April, 1987, Raymond Green had the safety deposit box drilled and he removed the $23,000.00. Thereafter, Ms. Norman brought this suit for the money.

The contention on appeal is that upon the death of Ms. Green, Ms. Norman became the sole owner of the money contained in the safe deposit box. We affirm the decision of the

trial court.

The court made the following specific findings of fact:

(1) The money was solely the property of Ms. Green. Ms. Norman made no contribution to the $23,000.00.

(2) Ms. Norman was surprised when she discovered the $23,000.00 in the safety deposit box on December 17, 1986. Up and unto this time she was unaware that the money existed.

(3) Ms. Green was extremely ill and during her last days bedfast.

(4) At least two neighbors, Ms. Ratcliff and Ms. Powell, testified as to the attentiveness of Raymond Green to his stepmother and their close relationship.

(5) Raymond Green was listed and named in a 1982 Will of Mary Etta Green as her sole heir. This Will has been probated.

(6) Other than the testimony of Emma Jean Norman there is no evidence of any gift of the $23,000.00 to Ms. Norman, other than the lease agreement.

The court concluded that it could not rule that a joint estate was ever created in the contents of the safety deposit box and that, at best, the parties had the right to deposit objects in the box and remove them, but that the evidence fell far short of establishing joint ownership of the money with a right of survivorship.

For reversal, appellant relies on *Black* v. *Black*, 199 Ark. 609, 135 S.W.2d 837 (1940), and *Newton County* v. *Davison*, 289 Ark. 109, 709 S.W.2d 810 (1986). While we agree that those cases, together with the supreme court's recent decision in *Kulbeth* v. *Purdom*, 305 Ark. 19, 805 S.W.2d 622 (1991), provide the framework for decision, we cannot agree that those cases require reversal here.

After discussing the facts, the court in *Newton County* v. *Davison*, said:

Based on the foregoing evidence we are unable to say that Mrs. Morak clearly intended to make a gift to the

Davisons of the contents of the safe deposit box. In *Black* v. *Black*, 199 Ark. 609, 135 S.W.2d 837 (1940), we noted that there is a presumption of ownership in favor of the surviving lessee of a safe deposit box which can be rebutted by testimony to the contrary. In that case, however, the lease agreement signed by the parties renting the box specifically stated that the property placed in the box is joint property and upon the death of either joint tenant the property passes to the survivor. Such an agreement as to the contents is missing here.

. . . .

Other courts have held that the deposit of articles in a jointly leased safe deposit box of itself works no change in title, absent an express agreement that the contents of the box shall be joint property. This is so even if the language in the lease describes a joint tenancy with the right of survivorship, unless it specifically refers to the contents. Similarly, it is generally held that a joint lease of a safe deposit box in and of itself is insufficient to support the contention that a gift has been made of the contents.

In finding the language of the lease and Mr. Davison's testimony insufficient to establish ownership of the contents of the lock box, we announce our intention to require an affirmative showing that the owner of a lock box intended to give the contents of the lockbox to another. Such an intention cannot be demonstrated without a specific written reference to the disposition of the contents of a lock box and is not indicated by an agreement only to rent the box in two or more names with a right of survivorship. [Citations omitted.]

In *Kulbeth*, *supra*, the supreme court found that the requirements established in *Newton County* v. *Davison* had been met where the following provision was separated from the body of the safe deposit box lease and highlighted in bold print:

In addition to agreeing to the foregoing provisions of safe deposit box lease which are hereby made a part of this paragraph, the undersigned agree that each, or either of them is joint owner of the present and future contents of

said box and said Bank is hereby authorized to permit access to said box by either of the undersigned and that in the event of the death of either of the undersigned the survivor shall have the right to withdraw said contents and upon said withdrawal said Bank shall be automatically relieved of any further obligation or responsibility to the heirs, legatees, devisees or legal representatives of the deceased. Receipt is hereby acknowledged of 2 keys to said box.

In the case at bar Ms. Green and Ms. Norman signed, as lessees, a one page pre-printed document entitled "Lease of Safe Deposit Box, Joint Tenant, including Husband and Wife." The document's only reference to joint tenancy is found in paragraph 10:

10. Lessor shall not be liable for any delay caused by failure of the vault doors or locks to operate.

J. C. *In case the Lessees are joint tenants*, including husband and wife, it is hereby declared that all property of every kind at any time heretofore or hereafter placed in said box is the joint property of both Lessees and, upon the death of either, passes to the survivor subject to inheritance tax laws. Each of the Lessees shall have full access to and the control of the contents of said box without further authority. The lessor shall not be liable, in the event that property belonging to the joint tenants having access to said box be misappropriated by one or more of those having access. Each or all of the Lessees may appoint a deputy to have access to or surrender the box. [Emphasis added.]

Clearly, the provision in paragraph 10 of the lease is conditional in nature: it states, in effect, that *if* the lessees are joint tenants, then the property contained in the box will pass to the survivor at the death of the other lessee. On the facts of the case at bar, this language is insufficient to meet the requirements of *Newton County* v. *Davison* of "an affirmative showing that the owner of a lockbox intended to give the contents of the lockbox to another."

Appellant correctly contends that the language in *Black* v. *Black*, *supra*, was virtually identical to that in the case at bar.

There, the lease provision began, "[i]n case the lessees are joint tenants, including husband and wife. . . ." The distinction between *Black* and the case at bar is that while the language of the lease in *Black* was conditional, as here, the condition was met in *Black*, i.e., Mr. and Mrs. Black were in fact husband and wife, so that the dispositive provisions of the clause were activated. Even so, the supreme court in *Black* held that the language created only a presumption that the money in the safe deposit box had become a joint estate and that, under the facts of *Black*, the presumption had been entirely rebutted.

Our conclusion is that under the applicable decisions of the Arkansas Supreme Court, the trial judge's decision, that a joint tenancy with right of survivorship was not created as to the money contained within the safe deposit box, was not clearly erroneous.

Affirmed.

CRACRAFT, C.J., and DANIELSON, J., agree.