In re Larry CUMMINS.

Thomas E. HAYS, Jr. on behalf of himself and as a Shareholder of and as a Derivative Action for Larry Cummins Chevrolet, Inc. (d/b/a John Hays Chevrolet); Cummins Chevrolet & Geo, Inc.; and Coke Chevrolet Company, Plaintiffs,

v.

Larry CUMMINS, Individually and as Debtor in Possession; Barbara Ingram; Glenda J. Cummins; Larry Cummins Chevrolet, Inc. (d/b/a John Hays Chevrolet); Cummins Chevrolet & Geo, Inc.; and Coke Chevrolet Company, Defendants.

Larry CUMMINS, Counterclaimant and Third–Party Plaintiff,

v.

John HAYS, Third–Party Defendant.

Bankruptcy No. 91–16453S.
Adv. No. 94–6534.

United States Bankruptcy Court,
W.D. Arkansas,
Hot Springs Division.

Nov. 28, 1994.

William Waddell, Little Rock, AR, for plaintiffs.

C. Richard Crockett, Little Rock, AR, for defendants.

## ORDER OF REMAND

MARY D. SCOTT, Bankruptcy Judge.

This cause came before the Court upon the Motion to Remand, filed by the plaintiff on November 15, 1994, to which the defendant Larry Cummins, responded on November 22, 1994. On November 10, 1994, Larry Cummins filed a Notice of Removal of litigation

pending in the state court since 1991. The notice of Removal averred that the complaint was filed on October 24, 1994, demanded trial by jury, but objected to jury trial in the bankruptcy court.

■ The Notice of Removal falsely implies that the Chancery Court action was initiated on October 24, 1994. It was actually filed on October 4, 1991, such that the removal is clearly untimely. Rule 9027, Federal Rules of Bankruptcy Procedure requires that an action which is pending at the time the bankruptcy case is filed must be removed

> only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

The chapter 11 bankruptcy proceeding was filed on November 12, 1991. Accordingly, the removal, notice of which was filed in November 1994, is untimely such that Motion to Remand should be granted.

■ Moreover, "[t]he court to which [a] claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). There are numerous factors which courts may consider in determining whether to remand a case on equitable grounds. *See, e.g. Baxter Healthcare Corporation v. Hemex Liquidation Trust,* 132 B.R. 863, 867–68 (N.D.Ill.1991); *Citicorp Savings of Illinois v. Chapman,* 132 B.R. 153, 157–58 (Bankr. N.D.Ill.1991).

■ In the instant case, remand on equitable grounds is clearly merited. There are several non-debtor parties in the action involved in these purely state claims for which no jurisdiction in this Court, other than that granted by 28 U.S.C. § 1334, exists. The action removed to this Court pleads state-law claims based upon conversion, breach of fiduciary duty, breach of contract, debt, and injunctive relief. The counterclaims are also solely state-law claims, alleging tortious interference with contractual relations, breach of contract, libel, slander, outrage, "malicious persecution," claims for insurance coverage, intentional infliction of emotional distress, and a request to have a car. None of these claims even remotely "arise under" or "arise in" the bankruptcy case.

■ The only allegation in the pleadings that relates to the bankruptcy case is Cummins' assertion that an agreement he signed is a preference. Were that a viable defense, he could have raised that issue in the previous adversary proceeding tried in this Court, he could have filed a preference action in this Court. However, the statute of limitations on such an action would appear to have expired. 11 U.S.C. § 546(a). Even were that single affirmative defense viable, it is not a sufficient ground for this Court to assert jurisdiction over a matter which clearly belongs in the Chancery Court of Hempstead County.

■ Remand would have little, if any, effect upon the administration of the bankruptcy case. Given the burdens of this Court's docket, there is no reason to believe that, given timely relief from stay, the state court action would not proceed to trial as expeditiously as in this Court. Inasmuch as these matters are non-core, the requirements of 28 U.S.C. § 157 further lengthen the proceeding because this Court would be limited to making proposed findings to the district court which then considers objections. Such a procedure interferes with the dockets of two courts. Further, both Cummins and Ingram have made demand for jury, again invoking complex procedures inasmuch as this Court cannot conduct a jury trial in this case.[1] A right to jury trial is another factor

---

1. As a debtor, Cummins has waived any right to a jury trial in the bankruptcy court. *See Longo v. McLaren (In re McLaren),* 3 F.3d 958 (6th Cir. 1993); *N.I.S. Corp. v. Hallahan (In re Hallahan),* 936 F.2d 1496 (7th Cir.1991). That waiver also extends to the district court. The only grounds for removal of the state court lawsuit to this Court was pursuant to 28 U.S.C. section 1452 which provides for removal if there is jurisdiction under section 1334, the statute providing for district court jurisdiction over bankruptcy cases. Since the jurisdiction of the district court exists only by virtue of the pending bankruptcy case, Cummins waiver of a right to jury trial is effec-

which militates in favor of remand to the state court or abstention in deference to the state court. *See In re Tucson Estates,* 912 F.2d 1162 (9th Cir.1990). Thus, the claims, purely state law matters, are better addressed by the state court. Comity and the interests of consistency in the application of state law also militate in favor of remand.

■ While it is not for this Court to make a determination, in the context of a motion for remand, which of the issues in this lawsuit have in fact been decided, this continued protraction of the litigation by Cummins is another factor indicating remand is appropriate. The complaint filed in the Chancery Court of Hempstead County asserts causes of action against Larry Cummins and his current wife, Barbara Ingram, for breach of duty, breach of contract conversion, and for injunctive relief. The complaint also sues Cummins together with his former wife on a promissory note signed by them. Both Barbara Ingram and Larry Cummins filed counterclaims[2] to the complaint. Virtually every fact alleged in Cummins' affirmative defenses, counterclaim, and third-party complaint are the subject of findings of fact by this Court. Indeed, many of the allegations now asserted by Cummins have been found to be false. *See In re Cummins (Hays v. Cummins),* 166 B.R. 338 (Bankr.W.D.Ark.1994), *appeal & objections pending,* Nos. 94–6072, 94–6073 (W.D.Ark.).

■ Clearly the doctrines of res judicata and collateral estoppel[3] already apply to portions of the answer, counterclaim and third-party complaint[4] filed by the debtor in state court inasmuch as many of the allegations set forth in the affirmative defenses, counterclaim, and third-party complaint are precluded by this Court's judgment in the section 523 and 727 proceeding. Upon entry of judgment by the district court on Cummins' counterclaim in the previous action, many, if not all, of the remainder of the allegations will also be precluded by the doctrines of collateral estoppel and/or *res judicata.* The doctrine of res judicata applies not only to the matters actually litigated, but also to all issues of law and fact that "might well have been, but were not," brought in the former suit. *Kulbeth v. Purdom,* 305 Ark. 19, 805 S.W.2d 622 (1991). Moreover, the fact that debtor has appealed the judgment is of no import because it is well established that the doctrines apply to valid, final judgments, whether or not an appeal is pending. *Dickinson v. Ewing (In re Ewing),* 852 F.2d 1057, 1060 (8th Cir.1988). *Accord Reed v. Allen,* 286 U.S. 191, 52 S.Ct. 532, 76 L.Ed. 1054 (1932).

■ The fact that the action was tried to the Court rather than a jury is of no import. The fact that a debtor would have had a right to jury trial in state court does not bar the application of collateral estoppel since there was a trial on the merits. Legal

---

tive in both the bankruptcy and district courts. While Ingram's right to jury trial may be viable, Cummins' right to jury trial exists only in state court.

2. Although styled as a third-party complaint, the action against John Hays is, under the Rules of Civil Procedure, a counterclaim, not a third-party complaint. *See* Ark.R.Civ.Proc. 13(g), 20. *Compare* Ark.R.Civ.Proc. 14.

3. *Res Judicata* applies to preclude "a subsequent suit when the subsequent case involves the same subject matter as that determined or which could have been determined in the former suit between the same parties." *Kulbeth v. Purdom,* 305 Ark. 19, 805 S.W.2d 622 (1991).

In order to apply collateral estoppel, four elements must be present: (1) the issue sought to be precluded must be the same as that involved in the prior action; (2) the issue must have been litigated in the prior action; (3) the issue must

have been determined by a valid and final judgment; and (4) the determination must have been essential to the prior judgment. *National Farmers Union Standard Ins. Co. v. Morgan,* 966 F.2d 1250 (8th Cir.1992) (following *East Texas Motor Freight Lines v. Freeman,* 289 Ark. 539, 713 S.W.2d 456, 459 (1986)).

4. Of course, to the extent that the Court made findings against Cummins which are applicable to causes of action against John Hays, those issues, too, are precluded. *See Davidson v. Lonoke Production Credit Association,* 695 F.2d 1115, 1120 (8th Cir.1982) ("[T]he Arkansas Supreme Court agreed. Where 'the plaintiff has already had a full and complete trial of the cause of action against the one party and the action against the second party is derivative from the first, then there is an exception to the general rule requiring mutuality in estoppel.' ") (quoting *Davis v. Perryman,* 225 Ark. 963, 286 S.W.2d 844 (1956)).

or equitable issues or causes of action will be precluded in a subsequent case, whether or not a jury trial right exists in the subsequent case. The case has been tried; Cummins would not entitled to a second trial. In any event, Cummins as a debtor in bankruptcy has waived his right to a jury trial on all of the causes of action. *See Longo v. McLaren* (*In re McLaren* ), 3 F.3d 958 (6th Cir.1993); *N.I.S. Corp. v. Hallahan* (*In re Hallahan* ), 936 F.2d 1496 (7th Cir.1991).

Any assertion that, since the state court also has jurisdiction over such action, the doctrines of res judicata and collateral estoppel will not apply, is equally frivolous. The fact that if he is precluded from re-litigating his counter-claim and third-party complaint, he has no defense to the complaint, is not a defense. The fact that he lost in one forum is not grounds for re-litigating the matter in another forum. Indeed, that is precisely the purpose of the doctrines—to prevent relitigation of issues and cases. The doctrines of res judicata and/or collateral estoppel exist to preclude re-litigation of his causes of action; debtor has already presented his defenses and has lost. He does not have a right to re-litigate the issues simply because he thought they provided him a defense to a complaint. "There must be an end at some point; and, if there has been one fair trial on the merits of a case, that is all that is required." *Wells v. Heath,* 269 Ark. 473, 602 S.W.2d 665, 668 (1980). *Accord Martin v. Citizens Bank of Beebe,* 283 Ark. 145, 671 S.W.2d 754 (1984).

The debtor's continued identity crises, embodied in arguments that "Larry Cummins" is a party in one action and "Larry Cummins Debtor-in Possession," is a party in another action in no manner affects the application of the doctrines of res judicata and collateral estoppel. It is well-settled that the exact same parties are not required to be present in both cases in order for issues and causes of action to be precluded. It is sufficient if there is a "substantial identity of the parties." *Wells v. Arkansas Public Service*

*Comm'n,* 272 Ark. 481, 616 S.W.2d 718 (1981). *Accord Davidson v. Lonoke Production Credit Ass'n,* 695 F.2d 1115, 1120 (8th Cir.1982) ("[T]he Arkansas Supreme Court has made clear that neither privity nor an agency relationship between the successive defendants is a prerequisite to application of res judicata. *Rose v. Jacobs,* 231 Ark. 286, 329 S.W.2d 170 (1959)."); *Wells v. Heath,* 269 Ark. 473, 602 S.W.2d 665, 668 (1980) ("It is not necessary that the parties in all issues raised by exactly the same as those presented in the prior suit before the matter becomes res judicata."); *Bentrup v. Hoke,* 245 Ark. 572, 433 S.W.2d 139 (1968). There is no question in this case that such a "substantial identity" exists. While for Chapter 11 bankruptcy purposes there exists a distinction between an individual in bankruptcy and the "debtor-in-possession," there is no good faith basis for arguing that the distinction makes a difference for *res judicata* purposes. All of the acts and events described in the findings of facts entered by this Court concern and preclude Larry Cummins, or Larry Cummins Debtor-in-Possession, from re-litigating those facts. The fact that the state court suit is conducted by the debtor-in-possession, does not mean that a different person or individual performed the acts described in the bankruptcy court opinions. Both Larry Cummins and Larry Cummins Debtor-in-Possession are bound by the facts and law set forth in this court's opinions.

It is amazing to this Court that this debtor in bankruptcy, who continually asserts a right to jury trial, removed the action from a court that could have conducted a jury trial, directly to a court which does not have the power to conduct a jury trial.[5] Cummins' intent to delay the state court suit is emphasized by the fact that he asserts a right to jury trial, but removed the action to the bankruptcy court, an act which effected a waiver of his right to jury trial. Having already unsuccessfully tried the issues pleaded in his counterclaim, he cannot now attempt to "revive" those causes of action by filing the same claims by asserting a right to

---

5. Although the Bankruptcy Reform Act of 1994 provides statutory authority for bankruptcy courts to conduct jury trials, if the district court approves, and if all parties consent, Pub.L. No. 103–394, § 112 (1994). L. No., that provision does not apply to this case, but only to cases filed after October 22, 1994. Pub.L. No. 103–394, § 702 (1994).

jury trial. This extremely belated removal of solely state-law claims, involving several non-debtor parties, violates title 26, the policies in favor of finalizing litigation embodied in the doctrines of res judicata and collateral estoppel, Rule 9027, and the policies embodied in Rule 11, Federal Rules of Civil Procedure as well as the Arkansas Rules of Civil Procedure. The equitable grounds being overwhelmingly in favor of remand, it is

ORDERED that this cause is REMANDED to the Chancery Court for Hempstead County, Arkansas. The clerk is directed to transmit all motions pending or hereafter filed in this adversary proceeding to the Clerk of the Chancery Court, Hempstead County, Arkansas.

IT IS **SO ORDERED.**