STATE of Arkansas, Child Support Enforcement Unit
*v.* Carl Jimmy ROGERS

CA 94-836                                                902 S.W.2d 243

Court of Appeals of Arkansas
Division II
Opinion delivered June 28, 1995

*Jon Williams*, for appellant.

*Joe Holifield*, for appellee.

JOHN B. ROBBINS, Judge. Child Support Enforcement Unit has appealed from an order of the Greene County Chancery Court finding that appellant failed to prove that appellee, Carl Jimmy Rogers, is the father of Allen Dwayne Deckard, who was born in 1985. Appellant attacks the sufficiency of the evidence and argues that this case should be remanded to obtain testimony from the child's mother, Kelly Deckard. We affirm pursuant to our finding that the evidence fully supports the chancellor's decision and that appellant waived the right to have the mother testify at trial.

Ms. Deckard is a resident of Michigan. She obtained public assistance there, and a uniform reciprocal support petition was filed in Greene County, Arkansas, in 1993. A paternity affidavit was attached to the petition, in which Ms. Deckard stated that Mr. Rogers was the father of her son; the estimated date of conception was September 17, 1984; and the child's date of birth was June 14, 1985. She also indicated in the affidavit that she had sexual intercourse with another man during the relevant time frame. Mr. Rogers denied being the child's father.

After genetic testing was performed, the laboratory set the probability of Mr. Rogers' paternity of the child at 99.99%. These test results were introduced into evidence at trial, but Ms. Deckard did not appear to testify. Upon admission of the laboratory report, appellant rested its case. Mr. Rogers then introduced evidence in support of his assertion that he was not the father of the child.

Waylon Smith testified that he has known Mr. Rogers between thirty-five and forty years. He discussed his knowledge of the fact that Mr. Rogers had a vasectomy in the late 1960s. Mr. Smith stated that during that period he remembered Mr. Rogers walking in a peculiar manner for about three days, and that Mr. Rogers explained that this was a result of having had a vasectomy.

Sonia Bensch testified that she has lived with Mr. Rogers

about twenty-three years. She stated that she lived with him for about eighteen years before she entered menopause; that she and Mr. Rogers were sexually active and never used contraception; and that she did not get pregnant. When asked why she and Mr. Rogers never used contraception, Ms. Bensch replied, "[h]e told me he had had a vasectomy."

Mr. Rogers admitted that Ms. Deckard was in Greene County in September 1984 but denied that he had ever had sexual relations with her. He stated that he had a vasectomy in 1969. He also stated that Ms. Deckard had indicated to him several times that she believed the child's father to be Allen Robinson.

Mr. Rogers introduced into evidence a copy of a previous paternity affidavit signed by Ms. Deckard on April 5, 1991. In this affidavit, she named Everett Allen Robinson as the father and stated that she did not have sexual intercourse with any other men during the thirty days before or thirty days after the child was conceived. Mr. Rogers also introduced a letter from a physician, which stated that a test was performed to determine his total sperm count in 1993. This lab report concluded that there were no spermatozoa in the sample.

■ ■ In a paternity proceeding brought against a living putative father, the mother's burden of proof is a mere preponderance of the evidence, as the proceeding is civil in nature. *Barnes* v. *Barnes*, 311 Ark. 287, 295, 843 S.W.2d 835 (1992); *Erwin L.D.* v. *Myla Jean L.*, 41 Ark. App. 16, 18, 847 S.W.2d 45 (1993). On appeal, this court considers the evidence in the light most favorable to the appellee, and although it tries chancery cases de novo on the record, it will not reverse a finding of fact made by the chancellor unless it is clearly erroneous. *Erwin L.D.* v. *Myla Jean L., supra.* The conflicts and inconsistencies in the witnesses' testimony are questions of credibility, which is a matter this court leaves to the trial court. *Id.*

Appellant's first and second arguments for reversal are interrelated and will be addressed together. Appellant implies that the trial court must have failed to properly apply the statutory presumption of paternity for it to have found that Mr. Rogers sufficiently rebutted the presumption and to have further found that appellant failed to sustain its burden of proving paternity. Arkansas Code Annotated § 9-10-108(a)(4) (Repl. 1993) provides that the

mother may shift the burden of proof to the putative father under the following circumstances:

> If the results of the paternity tests establish a ninety-five percent (95%) or more probability of inclusion that the defendant is the biological father of the child and, after corroborating testimony of the mother in regard to access during the probable period of conception, such shall constitute a prima facie case of establishment of paternity and the burden of proof shall shift to the defendant to rebut such proof.

Appellant contends that the two prerequisites of this statute were met and it was entitled to the benefit of a presumption of paternity. Appellant argues that the blood test results which were entered into evidence showed a paternity probability in excess of 95%, and the mother's affidavit attached to appellant's petition constitutes the required corroboration of access. Appellant is correct in contending that Ark. Code Ann. § 9-17-316(a) (1993) provides that the physical presence of the petitioner is not required for the rendition of a judgment of parentage, and that § 9-17-316(b) permits a verified petition and affidavit to be admitted into evidence if given under oath by one residing in another state. Inasmuch as the mother, Kelly Lynn Deckard, resides in Michigan, appellant argues that her affidavit was admissible and established corroboration of access.

The affidavit of Ms. Deckard on which appellant relies as corroboration of access was not, however, offered into evidence. Although, § 9-17-316(b) renders the affidavit admissible, it does not automatically admit such affidavit. It must be proffered. The record does not reflect that the affidavit was received into evidence, nor that appellant requested its admission.

Appellant contends that Mr. Rogers' testimony during the respondent's case also constituted proof of access during the period of conception. Mr. Rogers testified that he saw Kelly Deckard on several occasions around September of 1984, the approximate time of conception. However, insofar as the statutory presumption is concerned, Ark. Code Ann. § 9-10-108(a)(4) requires corroborating testimony of access from the mother. Consequently, the statutory presumption never arose in this case.

The chancellor found that Mr. Rogers had effectively

and sufficiently rebutted any presumption of paternity that may have been created by the blood test. Three witnesses testified that Mr. Rogers had a vasectomy prior to the conception of the child, and a 1993 lab report indicated that Mr. Rogers had a zero sperm count. In addition, Ms. Deckard swore in a 1991 affidavit that she had sexual intercourse with no person other than Everett Allen Robinson within a thirty-day period of the date the child was conceived. Given the proof presented by Mr. Rogers, we cannot find that the chancery court clearly erred in its determination that any presumption of paternity was successfully rebutted, nor can we conclude that the chancellor's holding that appellant had failed to sustain its burden of proof in establishing paternity was clearly erroneous.

For its remaining point on appeal, appellant argues that, because the credibility of the witnesses is a critical factor in determining paternity, this case should be remanded in order to allow Ms. Deckard to testify. Appellant states, "Kelly Lynn Deckard filled out the appropriate paper work that is required by law and she is being penalized without an opportunity to explain herself and her situation." Appellant argues that the trial record discloses a "simple failure of proof" and, therefore, justice demands that the case be remanded to allow Ms. Deckard an opportunity to testify. In response, Mr. Rogers points out that appellant was offered, and rejected, an opportunity to obtain a continuance in order to have Ms. Deckard present to testify. Mr. Rogers argues that, since appellant declined the opportunity to have the case continued, it should not now be heard to argue that the case should be remanded for the inclusion of her testimony.

At the conclusion of appellant's case, the parties engaged in a discussion of the legal presumption raised by the lab report and the mother's affidavit regarding access. The following exchange occurred at a bench conference:

> *THE COURT:* . . . .
>
> . . . I remember seeing some obscure provision in that obscure act, that if necessary, it requires the presence of the mother.
>
> *MR. WILLIAMS:* That's correct.
>
> *THE COURT:* That it requires the presence of the mother to come testify.

*MR. HOLIFIELD:* That's my memory of it.

*THE COURT:* I haven't read it lately.

*MR. WILLIAMS:* Why have the URESA action, Your Honor, if it requires them even to show up?

*THE COURT:* Well, because nobody contested it.

*MR. HOLIFIELD:* A lot of times, folks don't show up.

*THE COURT:* Do you have a copy of the act with you?

*MR. HOLIFIELD:* I've got a whole, as I said, I ran off, I brought my Wills book instead of my Family Law book. Would it be possible for the Court to take that under advisement and hear the rest of the case before you rule on it?

*THE COURT:* Well, I was going to do that or continue it.

*MR. WILLIAMS:* I'd rather go ahead and hear the rest of the case.

*MR. HOLIFIELD:* And that may make you make a decision.

*MR. WILLIAMS:* Since everybody is here and we're ready to go.

■■ This Court has held many times that issues raised for the first time on appeal will not be considered by the appellate court. *Bright* v. *Gass*, 38 Ark. App. 71, 77, 831 S.W.2d 149 (1992). *See also Kulbeth* v. *Purdom*, 305 Ark. 19, 21, 805 S.W.2d 622 (1991). Since appellant failed to request a continuance for the purpose of securing Ms. Deckard as a witness, and expressly requested that the trial continue in her absence, it waived the right to request a remand for the introduction of Ms. Deckard's testimony.

Affirmed.

BULLION, S.J., agrees, and PITTMAN, J., concurs.